J. D. LOCKMAN et al. v. M. D. HOBBS.

*Devise—" Children"—Remainder.*

*S* devised lands to *D* as trustee for *B*, "to her use during her natural life ; after her decease to the use of the lawful begotten heirs of her body, each one to share and share alike. *  *  * In case of the death of *B* and all her children, all the property willed to her to revert to my nephew" (the trustee). At the death of the testator, *B* had two children living, both of whom, however, died before *B*, one of them leaving children, who survived her ; *Held*, that upon *B's* death the entire estate became vested in the nephew.

This is a CIVIL ACTION, heard by *MacRae, Judge,* upon a case agreed at Fall Term, 1887, of the Superior Court of LINCOLN county.

The controversy between the parties to the action arises out of the will of Mahala Sherrill, who died in the year 1863, and is as to the proper construction of certain clauses contained in it. These clauses are as follows:

Item 7th. I give and bequeath unto Middleton D. Hobbs, as trustee, for the use of Belza Avaline James, one negro man named Allen, and one girl named Catherine, one negro

girl named Mary Jane, one negro girl named Little Catha-rine—during her natural life, and after decease to the use of the lawful begotten heirs of her body, each child share and share alike.

Item 8th. I give and bequeath unto Middleton D. Hobbs, as trustee, for the use of Belza A. James, all my lands lying below the line running from the High Shoals and Ball's Creek, on which my house stands, to her use during her natural life; after her decease to the use of the lawful begot-ten heirs of her body, each one to share and share alike.

Item 9th. I give and bequeath to Mahala Elenora James one bed and furniture.

Item 10th. I give and bequeath unto Middleton D. Hobbs, as trustee, for the use of Belza A. James, the rest of my beds not disposed of, also the one half of my household and kitchen furniture.

Item 11th. I give and bequeath to Logan Wilson and Middleton D. Hobbs, as trustees, for the use of Elizabeth M. Wilson and Belza A. James, my wheat-threshing machine—each one half of it. In case of the death of Belza A. James and all her children, all the property willed to her revert to my nephew, Middleton D. Hobbs.

The cause was submitted to the Court upon a "case agreed," the material facts whereof, in connection with the construction of the will, are thus stated:

"3d. It is further agreed, that at the time of the execution of said last will and testament and at the death of the tes-tatrix, Belza A. James had only two children living and never had any others; that these two children were Nora James, who intermarried with the plaintiff J. D. Lockman, and died in the life-time of her mother, Belza A. James, to-wit, in July, 1883, leaving her surviving only two children, who were the plaintiffs, Mandy Lockman and William Lock-man; and the other child of Belza A. James was a son of A. G. James, who died intestate and leaving no wife or child in

the life-time of his mother, Belza A. James, to-wit, in August, 1883, but leaving him, the said A. G. James, two children of his sister, to-wit, said Mandy and William Lockman, him surviving, and that the plaintiff J. D. Lockman is his administrator and also is administrator of Belza A. James, who died in February, 1887, and also administrator of said Nora Lockman, deceased.

" 4th. It is further agreed that the defendant, Middleton D. Hobbs, entered upon and exercised his office as trustee for said Belza A. James, up to the time of her death, and took into his possession the personal property given in trust for her, and exercised control over the real estate so given in trust for her, and that he was a nephew of the testatrix, Mahala Sherrill, and that Belza A. James was her niece.

These facts herein stated and agreed upon as the material facts necessary for the construction of the will of Mahala Sherrill as to defendant M. D. Hobbs' claim thereunder, which is, that he is entitled to the property bequeathed and devised to Belza A. James at the date of her death as hereinbefore stated; which property is also claimed by plaintiffs under said will,—this agreement is made without prejudice to any of the other claims and charges made in plaintiffs' complaint, or as to other facts therein alleged."

Thereupon was entered the following judgment:

" It is adjudged that under the will of Mahala Sherrill, deceased, the property therein and thereby bequeathed and devised to M. D. Hobbs, in trust for Belza A. James, at the death of said Belza A. James belongs to the plaintiffs, Manda Lockman and William Lockman, and that said property so devised and bequeathed does not revert to the defendant, M. D. Hobbs; and therefore, on motion of plaintiffs, it is ordered further that this cause be and the same is hereby referred to C. E. Childs, clerk of this Court, to take and state an account as to all matters in controversy between the parties, as the same are set forth in the pleadings, and he make due

report of his findings of fact and of his conclusions of law separately, as required by the Code of Civil Procedure. And it is further ordered that the referee do also take and state an account of the rents and profits that have accrued since the death of Belza A. James."

From this judgment the defendant appealed.

No counsel for the plaintiffs.

*Messrs. M. L. McCorkle* and *R. F. Armfield*, for the defendant.

SMITH, C. J., (after stating the case). The only point presented in the appeal, as will be thus seen, is as to the legal effect of the 8th and 11th clauses construed in connection, and in whom, among the contesting claimants, the equitable estate in the land therein described is vested.

We do not find any difficulty in arriving at the intention of the testatrix in the devise, and it is different from that deduced by the Judge, from the words employed to express it.

1. "The lawfully-begotten heirs of her body" refer most obviously to the children of the devisee for life, Belza A. James, of whom there were only two, and this without the aid of the Act of 1856, which declares that a limitation "to the heirs of a living person" shall be construed to mean "the children of such person, unless a contrary intention appear by the deed or will." *Rev. Code*, ch. 43, §5.

So far from the indication of a different intent, found in other provisions of the will, that put upon the expression by the statute is shown to have been in the mind of the testatrix by the use of the same words in the clause next preceding, when, in directing the manner of apportioning the shares among the legatees, she says, "*each child* share and share alike," thus defining the meaning of the term, "heirs of her body," used just before.

2. The limitation to the two children then living when

the will took effect vested in them a present estate in re-
mainder, which, except for clause 11th, would have been in
fee, and but for the devise over, which reduces it to an estate
in each for life, while it left not less a vested remainder in
each for life, and terminating at his and her death.   The
life estate in the mother, however, continued, notwithstand-
ing that the intervening estate in her children was, by their
deaths in her life-time put out of the way of the ultimate
remainder given in the 11th clause to the trustee, the de-
fendant, Middleton D. Hobbs, for his own use when the said
Belza A. should die.

The contingency, when this last remainder in fee was to
rest in possession, having occurred—a contingency not attach-
ing to the estate itself, but to the time of its enjoyment only,
the defendant became the owner of the equitable as he had
been of the legal estate, and this was thus freed from the
trusts for others.

There is, therefore, error in the ruling that the plaintiffs
were entitled to the equitable estate held by the defendant
upon the trusts declared in the will, upon the death of said
Belza A., and that he is accountable for the rents since accru-
ing, and it must be reversed and the order of reference so
amended as to strike out an inquiry as to such.

Error.