J. B. CARSON et al. v. SARAH J. CARSON et al.

(Decided April 26, 1898).

*Tenants in Common—Husband and Wife—Limitations —Title—Color of Title—Estoppel.*

1. Where A, a married woman, inherited part of a tract of land and her husband acquired title to another undivided part of the same tract, and both lived upon the tract until the death of the wife, who had no children, and the husband married again and died leaving a widow; *Held*, that the statute of limitations did not run against A during her life and her heirs, becoming tenants in common with her husband, were not barred of their action brought within twenty years from her death.

2. Where several persons inherited land which was divided into three tracts and deeds were exchanged so as to vest title in severalty, and in the conveyance of one tract to husband and wife the deed was made in the name of the husband; *Held*, that the wife's interest, having vested by descent, was not divested by the conveyance to the husband, she not joining in the deed.

3. A deed by heirs to land, which the wife inherited, being made to the husband alone could not be color of title since it did not convey the wife's interest.

4. Where tenants in common by inheritance divided the same and exchanged deeds so as to hold their interests in severalty, and one of the heirs died whose interest descended to the others; *Held*, that the survivors were not estopped by their deed from asserting their claim as heirs since it only released their interest as tenants in common.

CIVIL ACTION brought before a Clerk of the Superior Court of Gaston county by the plaintiffs as heirs of Robert Carson to have the dower of his widow, the de-

fendant Sarah Jane Carson, allotted in the lands de-
scribed in the complaint, and transferred to and tried
before *Greene, J.*, at February Term, 1898, of GASTON
Superior Court, upon an agreed statement of facts set
out substantially in the opinion.. His Honor rendered
judgment for the defendants and the plaintiffs ap-
pealed.

*Mr. A. G. Mangum*, for plaintiffs (appellants).
*Mr. O. F. Mason*, for defendants.

DOUGLAS, J.: The facts submitted for the judgment
of his Honor show, that Edward, Mary and Margaret
Whitesides, Isabella Carson, and Annie Carson, were
tenants in common in a tract of land by descent from
their brother, who died in the summer of 1849. On the
21st of September, 1849, the said Isabella Carson, exe-
cuted to Robert Carson, then the husband of said Annie
Carson, a deed for her one-fifth undivided interest in the
tract of land. On the 22nd of September, 1849, there
was a consent partition of the said tract of land by deeds
with metes and bounds, and seventy-one acres were
allotted to Mary and Margaret Whitesides, which was
two-fifths in value of the entire tract; seventeen acres
was allotted to Edward Whitesides, which was one-fifth
in value of the entire tract; sixty acres, or the remainder,
was allotted to Robert Carson, which was two-fifths in
value of said tract. Annie Carson joined in the deeds
of release to the Whitesides but not to Robert Carson,
her husband; and nothing was deeded to her in return.
Immediately after the partition of the tract of land as
aforesaid, Robert Carson entered upon the said sixty
acre lot, and he and his wife, the said Annie Carson,
lived on the same until her death, which occurred about

sixteen years before the commencement of this action, and Robert Carson continued to hold possession of the same, until his death in 189 , all the while receiving the rents and profits, without claim from any one. The defendants other than Sarah Jane Carson, who are the children of Isabella Carson, and the said Edward Whitesides, and the only heirs at law of Annie Carson, deny that Robert Carson died having title to all of the sixty acre lot, and allege, that in the partition of the tract of land as aforesaid, the name of Annie Carson, by mistake, was omitted from the deed for the sixty acre lot.

The plaintiffs reply, and plead the statute of limitations to any action reforming or correcting said deed.

His Honor held that Annie Carson was a tenant in common with her husband, Robert Carson, in one-half of said sixty acre lot, and the plaintiffs appealed.

Upon the foregoing facts we are of opinion that the judgment should be affirmed: Annie Carson was a *feme covert* at the time of the partition and remained so until her death. Therefore no statute of limitation ever began to run against her, even if she had not been in unity of possession with her husband. As she was tenant in common with her husband, her heirs also became tenants in common at her death, and are barred by the exclusive possession of their co-tenant only after the lapse of twenty years. As she apparently never had any children, her husband had no courtesy, and hence the Statute began to run against her heirs at her death. But there is no proof of ouster, nor presumption thereof, as she had not been dead for 20 years when this suit was brought, and therefore the Statute had not matured. *Linker* v. *Benson,* 67 N. C., 150; *Caldwell* v. *Neely,* 81 N. C., 114; *Page* v. *Branch,* 97 N. C., 97; *Gilchrist* v.

*Middleton,* 107 N. C., 663; *Lenoir* v. *Minning Company,* 113 N. C., 513.

It is contended by the plaintiffs that the share of Annie Carson was conveyed to her husband by the deed of the Whitesides, and that an abandonment of all equitable interests by her heirs is presumed from lapse of time. This contention cannot be sustained, as the title to an undivided one-fifth of the estate was already vested in her by descent, and therefore needed no conveyance to her. It was never divested, as she did not join in the deed to her husband, and her deed to her other co-tenants was, in effect, a mere consent that they might take a certain part of the land as their share in the partition. It was held in *Harrison* v. *Ray,* 108 N. C., 215, that upon an actual partition of lands among tenants in common, the tenants take their respective shares or allotments by descent and not by purchase, and that their deeds conveyed no real estate, but simply ascertained by metes and bounds the interest of each. If the deed of the Whitesides was a mere allotment and did not convey to Robert Carson any part of their own interest in the land, how could it convey to him the interest of Annie Carson who was not a party to the deed? The plaintiffs also contend that in any event the Whitesides' deed to Robert Carson was color of title to the 60 acres, and that under it he held for more than seven years after the death of his wife adversely to her heirs. This position is equally untenable. This Court has held that a deed is never color of title for more than it professes to convey. *McRae* v. *Williams,* 52 N. C., 430. The deed to Robert Carson on its face professed to be in partition of the lands descended from John Whitesides, deceased, and therefore did not profess to convey any land in fee, either in law or in fact. As Annie

Carson released all claim to three-fifths of the land but did not release to her husband, it is evident that her share was intended to be included in the remaining two-fifths, of which she remained in possession with him as co-tenant during her life. This being so, her title, vested in her by descent and never divested, descended to her heirs without further conveyance.

The doctrine of estoppel cannot be invoked in this case, as it has no application. It is true that the defendants could not set up an after acquired title in derogation of their deed of release to Robert Carson, but that deed did not profess to convey or release any claim that Annie Carson might have to the land, nor did it profess to convey the land itself, but only to release their interest therein as tenants in common. As heirs of Annie Carson, they now claim a share which in effect was set aside for her in the partition, and which during her life time they never pretended to own or dispose of in any way. The judgment is affirmed.

Affirmed.