HARRINGTON v. RAWLS.

(Filed September 23, 1902.)

1. INJUNCTION — *Restraining Order — Mortgages — Foreclosure — Sale.*

> Where, in an action to restrain a sale under a mortgage, it is alleged that the mortgagor had mortgaged her land as surety for her husband and an extension of time had been granted him, a temporary restraining order should be continued to the final hearing.

2. PARTITION—*Deeds.*

> A deed of partition conveys no title, but is simply a severance of the unity of possession.

ACTION by W. H. Harrington and others against M. O. Rawls and others, heard by Judge *Francis D. Winston,* at October Term, 1901, of the Superior Court of PITT County. From a judgment dissolving the restraining order, the plaintiffs appealed.

No counsel for the plaintiffs.
*Skinner & Whedbee,* for the defendants.

CLARK, J.    Jesse Harris died seized in fee of a tract of 188 acres, which descended to his two daughters, Elsie and Susan, who respectively married J. A. Briley and B. F. Jolly. They made partition, by mutual deeds, of the land, allotting 84 acres to Mrs. Jolly and 104 acres to Mrs. Briley. In 1874, the parties exchanged lands, B. F. Jolly and wife executing a quit-claim deed to J. A. Briley and wife for the 84 acres, and they in turn executing a quit-claim to Jolly and wife for the 104-acre tract.

In 1889, Briley and wife executed a mortgage to the defendant Rawls upon the 84-acre tract, who subsequently assigned the bond to the defendant Flanagan, and Briley has sold the land to defendant Tyson, who is in possession. The

land has been advertised for sale under the mortgage; Elsie is dead, and the plaintiffs are her heirs at law. The complaint alleges that the mortgage was executed to secure a debt from J. A. Briley, that the joinder in the mortgage by his wife made her merely surety to that extent, and that she has been released by extension of time granted for a consideration to said Briley, without the assent of the wife (*Smith v. B. and L. A.,* 119 N. C., 257), and further that the debt is barred by the lapse of more than three years since the maturity of the bond (but see *Hedrick v. Byerly,* 119 N. C., 420), and asked for a restraining order (which was granted) and an injunction till the hearing. The defendant answered, alleging that the debt was the joint debt of Mrs. Briley and her husband, and denying that any extension had been granted without her consent, and denying also that the debt is barred by the statute of limitations. His Honor dissolved the restraining order upon the coming in of the answer.

These pleadings raised a serious contention, and if nothing more appeared the injunction should have been continued to the hearing. *Railroad Co. v. Railroad Co.,* 125 N. C., 96; *Whitaker v. Hill,* 96 N. C., 2. But the defendants further aver that the mutual deeds of partition being made to Briley and wife, and especially the subsequent deed of exchange being so worded, this put the title in him and his wife by entireties, and she being now dead, J. A. Briley holds by survivorship, and these plaintiffs, claiming as heirs of his wife, have no cause of action. But a deed of partition conveys no title. It is simply a severance of the unity of possession. Elsie Briley took no new title by purchase, but held by descent from her father, and the insertion of her husband's name in the mutual deeds of quit-claim and release conveyed nothing to him. *Harrison v. Ray,* 108 N. C., 215, 11 L. R. A., 722, 23 Am. St. Rep., 57; *Carson v. Carson,*

122 N. C., 645. In partition, no title passes, only unity of possession is dissolved. *Lindsay v. Beaman,* 128 N. C., at page 192.

The subsequent deeds of exchange were merely a new re-allotment or re-adjustment, and had no more effect than the first partition. Besides, the deed on its face is a quit-claim, merely, to J. A. Briley and his wife, and could not have the effect to convey to him any property which till then belonged to his wife. The claim that J. A. Briley is sole seized by right of survivorship can not be sustained, and the injunction to the hearing should have been granted that the other issues raised by the pleadings may be determined. As an appeal from a dissolution of an injunction does not keep it in force, *Reyburn v. Sawyer,* 128 N. C., 8, it may be that the sale has taken place, but that is not made to appear to us.

In dissolving the restraining order there was

Error.