### KATE STALLINGS v. BELLE WALKER.

(Filed 30 October, 1918.)

**1. Tenants in Common—Partition—Parol Agreement.**

A parol partition of lands by tenants in common is invalid unless the title is established by sufficient adverse possession under the statutes of limitation.

**2. Tenants in Common — Partition — Deeds and Conveyances — Conditional Execution—Clerks of Court.**

Where a married woman seeks to partition lands as tenant in common, and the defense is interposed that the lands had been formerly divided by interchangeable deeds, and the cause has been transferred to the civil issue trial docket, and upon issues raised it has been. determined by the jury upon sufficient evidence, with the burden of proof on the plaintiff, that she had signed her deed upon condition that her husband should give his written assent, which he did not do, and the deed had not been delivered: *Held,* the deed was inoperative and the cause was properly remanded to the clerk to proceed with before him.

**3. Tenants in Common—Partition—Title.**

Proceedings to partition lands,. unless the title has been made an issue, have only the effect of apportioning the lands among the tenants under their common title.

**4. Husband and Wife—Deeds and Conveyances—Written Consent—Constitutional Law.**

Article X, section 6, of our Constitution makes the written consent of the: husband necessary to the wife's conveyance of her lands.

ALLEN, J., concurring in result.

APPEAL by defendant from *Shaw, J.,* at February Term, 1918, of ROCKINGHAM.

This is a petition for partition, certified to the court at term and tried upon issues before a jury. From the verdict and judgment the defendant appealed.

*P. W. Glidewell and W. M. Hendren for plaintiff.*
*W. R. Dalton, J. R. Joyce, and Manning & Kitchin for defendant.*

CLARK, C. J. This is a petition for partition transferred to the court at term upon issues raised by the answer. D. G. Flack died intestate at the age of 91, leaving two children, the plaintiff and defendant and two tracts of land, on one of which (157 acres) the plaintiff resided, and the other and more valuable tract (the "home place"), containing 284 acres, where the defendant, a widow, resided with her father.

There was evidence of a request by the father that his two daughters should make an equal division, allotting to the plaintiff enough of the

21—176

home tract which, if added to the tract on which she resided, would make equality. There is evidence that in the partition alleged by defendant to have been made after their father's death there is nearly $7,000 more in value allotted to the defendant than to the plaintiff. It was also in evidence that the plaintiff executed a deed to the defendant for her share in such division, and that the defendant executed a deed to the plaintiff. The plaintiff, in her reply, alleges, however, and offered proof, that when she signed the deed to the defendant it lacked the "written assent of her husband," and that there was a parol agreement that it was not to take effect and be recorded until the husband had agreed to the equality of the partition and given his written assent. It is also alleged and in evidence that the deed by the defendant to the plaintiff was never delivered to nor accepted by the plaintiff, but was recorded without such delivery at the instance of the defendant.

Upon the issues submitted to the jury upon the pleadings the jury found on the first four issues that there was a parol agreement between the plaintiff and defendant to partition the lands left by their father, but that said lands have not been divided pursuant to said agreement, though both parties have been in sole and exclusive possession of their respective shares as claimed by the defendant, and that the parties did not intend thereby to ratify said partition. A parol partition is invalid unless followed by possession sufficient under the statute of limitations. *Tuttle v. Warren,* 153 N. C., 461.

The fifth issue is as follows: "Was the paper-writing from Mrs. Stallings to Mrs. Walker dated 17 January, 1913, purporting to be a deed for lands now claimed by defendant, signed, acknowledged and delivered upon the understanding and conditions alleged in the reply?" To this issue the jury responded "Yes."

The reply alleged that said paper-writing by plaintiff to defendant purporting to convey to her the land which the defendant claims was absolutely void and of no binding effect upon her because her husband did not join in such deed nor authorize the execution thereof; that it was executed by her in his absence and upon an agreement that it should be of no effect till it should receive the "written assent" of her husband; that the survey for a division was made by a surveyor in the employment of the son of the defendant, and that the deeds were drawn by a lawyer in his employment in the absence of the plaintiff's husband and without consulting her, and that the division, as made, is inequitable and would result in the loss of 65 acres of land to the plaintiff.

The sixth issue, finding that the plaintiff and defendant are tenants in common of the two tracts of land, each owning an undivided one-half interest therein, and that the plaintiff is entitled to have actual partition

of land followed as a matter of law, and the court remanded the cause to the clerk to be proceeded with that such partition shall be made.

While there are numerous exceptions, the controversy, as tried, is almost entirely one of fact, and the court properly instructed the jury as follows: "The fifth issue is, 'Was the paper-writing from Mrs. Stallings to Mrs. Walker signed, acknowledged and delivered upon the understanding and condition alleged in the reply?' Now the plaintiff alleges that it was, gentlemen of the jury, and the burden is on the plaintiff, Mrs. Stallings, to show by the greater weight of the evidence that that is true; and if she has so shown you will answer that issue 'Yes,' otherwise you will answer it 'No.'"

The court further charged the jury: "If you find from the greater weight of the evidence that she signed that deed upon that condition, with the agreement that it was not to be effective if her husband did not sign it, it would be your duty to answer the fifth issue 'Yes.'"

The defendant contends that where there is a partition of the realty by consent, and the tenants mutually convey by deed to each other, "no title passes, but it is simply a destruction of the unity of possession." *Harrison v. Ray,* 108 N. C., 215, which was affirmed, *Harrington v. Rawls,* 131 N. C., 41, which held that "A deed of partition conveys no title, but is simply a severance of the unity of possession." To same purport, *Jones v. Myatt,* 153 N. C., 230, holds, "It is settled by decisions of this Court that actual partition merely designates the share of the tenant in common and allots it to him in severalty. It does not create or manufacture any title," citing *Carson v. Carson,* 122 N. C., 645; *Williams v. Lewis,* 100 N. C., 142.

*Weston v. Lumber Co.,* 162 N. C., 165, cites the above cases and holds that where the title to land is not in controversy the effect of a partition is to designate and allot to each tenant his share in severalty, but does not create any title which they did not have before. The defendant contends from this that therefore it was not necessary to the validity of the deed from Mrs. Stallings that her husband should give his written assent to the deed conveying to Mrs. Walker the designated interest in severalty.

It is true that the husband, under our Constitution, Art. X, sec. 6, has no interest as husband in his wife's property, real or personal. The provision that he must give his written assent to conveyances by her of realty is the sole survival in our Constitution of the ancient idea that a wife must be under the guardianship and control of her husband and is incompetent to transact business. This requirement in our Constitution is omitted in nearly all the other State constitutions. It is not based upon his having any interest in his wife's land, nor on his having a vested interest therein at her death, for she has full authority to

devise the same without his consent and deprive him of any interest as tenant by the curtesy. Accordingly, it is held that while his assent must be in writing, it need not be by deed, for he has nothing to convey; that his joining with her in the instrument is sufficient. *Jones v. Craigmiles,* 114 N. C., 613, and cases there cited, and that his signing the instrument merely as a witness is a sufficient "written assent." *Jennings v. Hinton,* 126 N. C., 48; or a letter written by him is sufficient. *Brinkley v. Ballance,* 126 N. C., 393.

The husband's "written assent," therefore, is not based upon his having any interest in the property or in the title which he must join in conveying. The written assent is required not to aid in the conveyance of the property nor of the title to property in which he has no interest, but as a requisite to the validity of a conveyance by the wife. There has not been any written assent by the husband, and, therefore, a conveyance by the plaintiff to the defendant of the share claimed by the latter would be invalid for the lack of the written assent required by the Constitution. While such instrument of partition, if otherwise valid, would not be a conveyance of any title, it is a practical "conveyance" by the plaintiff to the defendant, as appears by the evidence in this case, of $7,000 more of the property than was a just and equal share to which she was entitled.

While the husband has no interest in the wife's property, he has a "veto" power over the alienation of her realty by withholding his written assent, without which her conveyances of realty are invalid. On the other hand, the wife has no veto power over the conveyances by the husband of his realty, though she has an interest therein. A deed by him of his property is valid without her joinder, subject only to her contingent right of dower should she survive him.

However, the court submitted to the jury the issue whether the deed was delivered by Mrs. Stallings upon an express condition, agreed to by Mrs. Walker, that it was to be void and of no effect unless concurred in "by the written assent of her husband," and the jury have found that this was true. Upon this ground the judgment entered was correct.

No error.

ALLEN, J., concurring in result: I think the judgment of the Court is correct, but I do not agree to the statement that the assent of the husband to the conveyance of the land of the wife "need not be by deed." It is expressly held otherwise in *Ferguson v. Kinsland,* 93 N. C., 337; *Jackson v. Beard,* 162 N. C., 109; *Warren v. Dail,* 170 N. C., 406; *Graves v. Johnson,* 172 N. C., 178; *Hensley v. Blankinship,* 174 N. C., 760, and the cases cited in the opinion do not support the proposition, as none of them have any relation to a deed for land. The subject-

matter of *Jones v. Craigmiles* was a note; of *Jennings v. Hinton,* an insurance policy; and of *Brinkley v. Ballance,* merchandise sold on a written order.