NATHAN A. MASSENGILL v. J. H. ABELL.

(Filed 6 October, 1926.)

1. Wills—Devises—Heirs— Issue — Estates — Remainders — Contingent Limitations.

Where a testator devises certain of his lands to his son "and his heirs," the devise will be construed to convey to the son the fee-simple title, but where immediately followed in the same item by the words "and if no heirs at his death to return to his nearest relations," a different intent is evidenced, and the words "heirs" in the latter clause will be interpreted as children, and upon the happening of the contingency his nearest relations will take under the application of the doctrine of springing or shifting uses.

**2. Same—Statutes.**

Where a devise of lands is limited over should the first taker die without heirs, evidencing that the intent of the testator made the contingency to depend upon his dying without issue, C. S., 1739, has no application.

**3. Same—Deeds and Conveyances—Uses and Trusts.**

A devise of land to the testator's son and his heirs, and if no heirs with limitation over: *Held,* the son takes a fee simple subject to be defeated should he die without leaving issue, in which event the limitation would take effect under the doctrine of springing or shifting uses, and he could not convey a fee-simple absolute title.

APPEAL by defendant from *Sinclair, J.* From JOHNSTON. Reversed.

*Leon G. Stevens for plaintiff.*
*H. V. Rose for defendant.*

ADAMS, J. This case was heard and determined upon an agreed statement of facts. Junius A. Massengill died in 1918 leaving a last will and testament, the fourth item of which is in these words: "I give and bequeath to my son, Nathan A. Massengill and his heirs, and if no heirs at his death to return to his nearest relations the following tract or parcel of land, lying south of the road, between the land given to my son, Robbie T. Massengill, and my daughter Lena Massengill." As to the location or identity of the land there is no controversy. Nathan A. Massengill was unmarried when the will was probated, but he has married since that time and now has a living child. In February, 1926, he contracted to sell and convey the devised land to the defendant at the agreed price of three thousand dollars and afterwards tendered a conveyance therefor duly executed by himself and his wife, with full covenants and warranties; but the defendant refused to accept the deed for the alleged reason that the plaintiff could not convey an indefeasible title in fee. Whether the plaintiff, with the joinder of his wife, can convey a title in fee simple is the question for decision.

It will be observed that in this item of the will the word "heirs" twice appears, and this fact proposes the initial inquiry whether in each instance the word is to be given the same meaning. It is an approved rule of construction that if a particular significance be attached by the testator to a word or phrase in one part of his will the same meaning will be presumed to be intended by him in the subsequent use of the same word or phrase; but the presumption does not obtain where a contrary intent appears. *Taylor v. Taylor,* 174 N. C., 537. Here such contrary intent does appear. That the devise to Nathan A. Massengill and his heirs conveys the fee is not open to debate; for obviously the word "heirs" is first used in its strict technical sense; but is this the sense in which it

16—192

is used in the phrase, "If no heirs at his death?" We think not. A limitation to the heirs of a living person, if no contrary intention appear in the deed or will, will be construed to be to the children of such person. C. S., 1739. But this is not a limitation to the heirs of a living person but a limitation over if there be no heirs at the death of the first taker, and the word "heirs" in this phrase, as we shall hereafter point out, means "issue"—the devise to be construed as if it read, "I give and bequeath to my son Nathan A. Massengill and his heirs and if no issue at his death"; that is, if he have no "issue" living at his death.

If the son acquired a fee, when is the ulterior limitation to become effective? Let it be noted that the testator did not annex to the devise a condition restraining alienation (*Latimer v. Waddell,* 119 N. C., 370), or limit a fee upon a fee with power of disposition in the first taker; but he limited a fee upon a fee by "cutting down the first in order to make room for the second." *Carroll v. Herring,* 180 N. C., 369. The principle is familiar. A devise to A. and his heirs, to be void if A. have no child living at his death, leaves in the devisor some interest which he may give to a third person, and in the disposition of such interest under the doctrine of springing and shifting uses a fee may be limited after a fee (*Willis v. Trust Co.,* 183 N. C., 267; *McDaniel v. McDaniel,* 58 N. C., 351), and the ulterior limitation will become effective upon the death of the first taker.

In *Patterson v. McCormick,* 177 N. C., 448, in reference to the common-law principle that a limitation contingent upon death was held to be void for remoteness, it is said that if the deed or will designated an intermediate period the courts held that "dying without issue was referable to this intermediate period"; also that the act of 1827 (C. S., 1737) changed the principle making the limitation void for remoteness, and abrogated the rule of construction which applied it to an intermediate period. In that case the decisions were reviewed and the effect of the statute was fully and clearly explained. In the section just cited it is provided that every contingent limitation in a deed or will made to depend upon the dying of any person without "heirs" . . . or "without issue" shall be held and interpreted a limitation to take effect when such person dies not having such "heir" . . . or "issue." The point, as we have intimated, was considered and decided in *Carroll v. Herring, supra.* There the testator devised two tracts of land to his son in these words: "To said James A. Carroll in fee, but if he die without heirs possessing these lands, or either tract, with remainder to the heirs of J. W. Carroll." In construing the devise the Court said: "The first and most simple way (of making unobscure English) is by the slightest punctuation, when it will read: 'I devise to my son James A. Carroll, the said tract of land in fee, but if he die, without heirs, possessing said land, or

either of the tracts, remainder to the heirs of J. W. Carroll.' Another
way: 'I devise to my son James A. Carroll the said tract of land in fee,
but if he die possessed of them, or either of them, and without heirs,
then over to my son J. W. Carroll.' Or still another, which would ex-
press the limitation over in this way, after devising the tracts of land in
fee to James A. Carroll: 'But if he die without heirs and possessed of
(or, in other words, owner of) said tracts of land, then over to my son
J. W. Carroll.' This clause was framed, as we find it in the will, for
the evident purpose of relieving his son, James A. Carroll, from any re-
straint of alienation, and leaving him free to convey the land during his
life, so as to render it of more value to him" . . . "This is per-
fectly clear upon the face of the will alone, but the very expression
'possessing these tracts of land, or either of them,' is plainly indicative
of this purpose. It meant, if he sold and conveyed, not only both of
them, but either of them, as to both, or as to the one sold, the title
should be good in the purchaser, but as to the other, that is, the one not
conveyed, it should go, at James' death without issue, to J. W. Carroll.
Nothing, it seems to us, could be more fully and clearly indicated than
this intention of the testator by the language of his will."

So it is in the present case; if Nathan A. Massengill should die leav-
ing no issue at his death the limitation over would take effect. It neces-
sarily follows that the taker of the first fee by the execution of a deed
of bargain and sale with warranty cannot bar those who upon the hap-
pening of the contingency may acquire title under the ulterior devise.
The plaintiff therefore cannot convey to the defendant an indefeasible
title to the land. The judgment is

Reversed.