## W. R. GRACE & COMPANY v. J. P. JOHNSON ET AL.

(Filed 15 December, 1926.)

**Wills—Devises—Estates—Contingent Interests—Deeds and Conveyances —Defeasible Fee.**

A devise of his homestead to the testator's son "to him and the heirs of his body, if any, and if none then to his brothers and sisters, their heirs and assigns": *Held,* the devisee named in the will may acquire a fee-simple title by deed conveying their "interests both present, past and prospective, vested and contingent," from his living brothers and sisters and the children (all of age) of such as are deceased. *O'Neal v. Borden,* 170 N. C., 483, and other cases cited as controlling.

APPEAL by plaintiff from *Cranmer, J.,* at November Term, 1926, of HARNETT.

Controversy without action, submitted on an agreed statement of facts.

On 15 December, 1920, H. L. Godwin conveyed, by full warranty deed, a certain tract of land to the defendants, J. P. Johnson and N. M. Johnson, and took, as part payment of the purchase money a promissory note of the grantee in the sum of $4,248.48, due 1 November, 1924, which said note was, for value, endorsed to the plaintiff, W. R. Grace & Co. Defendants have declined to pay the note on the ground that the deed under which they acquired the property conveys only a defeasible fee, and not a fee simple.

It was agreed that the question should be determined according to the court's opinion as to the alleged infirmity of defendant's title. Under this stipulation, the court being of opinion that the title was defective, judgment was entered for the defendants, from which the plaintiff appeals.

*Kenneth C. Royall for plaintiff.*
*Clifford & Townsend for defendants.*

STACY, C. J. On the hearing, the question presented was properly made to depend upon the construction of the following clause in the will of Archibald Bryant Godwin, who died 13 April, 1899:

"Item Third: I devise and bequeath to my beloved son, Archie Bradley Godwin, my homestead; including all buildings and fixtures thereto belonging to him and the heirs of his body, if any, there should be, and if none at his death, then to his brothers and sisters, their heirs and assigns, forever, bounded and described as follows:" (Description not in dispute.)

Archie Bradley Godwin is now living and is the father of one child, also living. Prior to the execution of a deed by the said devisee conveying the property to H. L. Godwin on 1 January, 1919, Archie Bradley Godwin had taken deeds from all his living brothers and sisters, and the children (all of age) of a deceased brother for their interests, "both present and prospective, and both vested and contingent in the land described in item three of the will of Archibald Bryant Godwin."

In view of the stipulation of the parties, it would appear that on authority of the decisions rendered in *O'Neal v. Borders,* 170 N. C., 483, and *Hobgood v. Hobgood,* 169 N. C., 485, and the principle they illustrate, judgment should have been entered for the plaintiff. These decisions are so clearly decisive of the question presented that we deem it unnecessary to do more than refer to them.

. Error.