A. VALENTINE ET UX. v. NORTH CAROLINA GRANITE CORPORATION.

(Filed 20 April, 1927.)

1. **Tenants in Common—Voluntary Division—Deeds and Conveyances— Joinder of Wife—Dower—Estoppel.**

The voluntary division of lands by tenants in common creates no new estate in the lands, but only apportions the land by their interchangeable deeds that each was compellable to take under a division by court process; and where the division so made is fair and equitable, it is unnecessary for their wives to join in the conveyance to estop them from claiming their interests therein.

**2. Same—Case Agreed—Statutes—Appeal and Error—Facts—Remand.**

Where a controversy, properly constituted, is submitted without action, C. S., 626, involves the question as to the necessity of the wife of a tenant in common to join in his deed voluntarily given to divide the lands between himself and the other tenants in common, on appeal the case will be remanded if it does not appear in the facts agreed that the division so made was a fair and equitable one.

APPEAL by defendant from *Hannibal L. Godwin, Emergency Judge,* at November Special Term, 1926, of SURRY.

Civil action for specific performance, submitted on an agreed statement of facts.

Plaintiffs, being under contract to convey certain lands to the defendant, duly executed and tendered a deed therefor, and demanded payment of the purchase price as agreed, but the defendant declined to accept the deed, and refused to make payment, claiming that the title offered is defective.

On the facts agreed, the court, being of opinion that the plaintiffs were able to convey a good and sufficient title, gave judgment for the plaintiffs, from which the defendant appeals, assigning errors.

*No counsel for plaintiffs.*
*Folger & Folger for defendant.*

STACY, C. J. The parties to the present proceeding, having a question in difference which might properly become the subject of a civil action, have submitted the same for determination without action, upon an agreed statement of facts, as authorized by C. S., 626.

The question to be determined is whether, in a voluntary partition of lands, a deed executed by one tenant in common to another, without the joinder of his wife, is sufficient to bar the wife's inchoate right of dower to the land assigned to the other cotenant.

His Honor was of the opinion, and so held, that, as partition is an incident to an estate held by tenants in common, compellable in law as a matter of right at the instance of any of the cotenants entitled to possession, the wife's inchoate right of dower attaches to the parcel assigned to her husband, and is released as against the parcel assigned to the other cotenant, when the partition is voluntarily effected, and this upon the theory that a wife is not a necessary party to such a proceeding, nor is it essential that she join in any conveyance required to consummate it. *Napper v. Ins. Co.,* 107 Ky., 134; 20 R. C. L., 783; 30 Cyc., 157; 19 C. J., 473; Note, 57 L. R. A., 340.

Under the pertinent decisions, the correctness of this position, it would seem, depends upon whether the partition was fair and equitable, or,

if not, whether the circumstances are such as to bar the wife by estoppel or otherwise. *Mosher v. Mosher,* 32 Me., 412; 30 Cyc., 158; Note, 57 L. R. A., 340.

Freeman, in his work on "Cotenancy and Partition," in epitomizing the decisions on the subject, states the law as follows: "As the husband is compellable by legal proceedings to make partition with his cotenants, it is universally conceded that he may do voluntarily that which the law will otherwise oblige him to do. Whenever, therefore, the husband perfects a voluntary partition, the dower interest of his wife is thereby removed from the purparties of the other cotenants, and confined to the purparty of the husband. *Femes covert* seeking to assert dower rights 'will be restricted, both at law and in equity, to the allotments of their husbands, and will be estopped from seeking to have dower assigned on undivided shares of other parcels. By confining them to the equal shares which their husbands take in the partition, they have all the dower the law gives them.' (*Totten v. Stuyvesant,* 3 Ed. Ch., 503.) A voluntary partition is allowed to operate upon inchoate rights of dower, because these rights are not thereby destroyed or impaired, but affected substantially in the same manner that the estates of the husbands are affected—an undivided interest in the whole property becomes a several interest in a specified parcel. Whenever the husband exercises his power of making voluntary partition, for the purpose of destroying the wife's rights, or of accomplishing a fraud upon her, he is not acting as the law would compel him to act, and the reason for holding the wife bound by his partition fails. (*Potter v. Wheeler,* 13 Mass., 506.) Hence, if he makes partition, taking the smaller and less valuable purparty, and receiving a compensation for so doing, the wife's right to have her dower assigned at his death will not be restricted to the lesser purparty."

It is the uniform holding in all the cases, as shown from the synopsis below, that where there is a partition of realty by consent, and the tenants in common execute mutual releases to each other, no new estate or title is conveyed thereby, but the partition deeds operate only to sever the unity of possession and to assign to each in severalty, by metes and bounds, that which was already his. Such deeds simply adjust the different rights of the parties to the possession and create no new estate. *Harrison v. Ray,* 108 N. C., 215. "Partition deeds between tenants in common operate only to sever the unity of possession, and convey no title." *Power Co. v. Taylor,* 191 N. C., 329. In *Harrington v. Rawls,* 131 N. C., 39, it was held that "a deed of partition conveys no title. It is simply a severance of the unity of possession." And in *Jones v. Myatt,* 153 N. C., 225, it was said that actual partition "does not create or manufacture a title," but merely designates the share of each tenant

in common, and allots it to him in severalty. Again, in *Carson v. Carson,* 122 N. C., 645, it was said that upon an· actual partition of lands among tenants in common, "the tenants take their respective shares or allotments by descent, and not by purchase," and their deeds convey no real estate, but simply ascertain by metes and bounds the interest of each.

The subject of partition is thoroughly discussed in *Weston v. Lumber Co.,* 162 N. C., 165, where it was held that, when the title is not in controversy, the effect of a partition is to designate and allot to each tenant his share in severalty, but does not create any title which he did not have before. See, also, *Stallings v. Walker,* 176 N. C., 321.

In the case at bar, the record is silent as to the determinative facts; hence, we apprehend, the agreed statement is not sufficiently full to warrant the Court in deciding the question sought to be presented. It is not agreed that the partition was just and equal, and the wife of John Valentine, whose inchoate right of dower is sought to be foreclosed, is not a party to this proceeding. The cause, therefore, will be remanded to the Superior Court of Surry County for further proceedings, not inconsistent with the usual course and practice in such cases.

Remanded.