ESSIE MAY HUDSON v. J. S. HUDSON.

(Filed 26 June, 1935.)

**Wills E b—Devisee held not to have acquired indefeasible fee under the devise and facts of this case.**

Plaintiff's father devised the land in question to plaintiff "to be hers and to her heirs, if any, and if no heirs, to be equally divided with my other children." At the time plaintiff executed deed to defendant, which was refused by him, plaintiff was married, but had been abandoned by her husband, and had no children. *Held:* Plaintiff's deed did not convey the indefeasible fee to the land free and clear of the claims of all persons, whether the limitation over be regarded as a limitation over on failure of issue, C. S., 1737, or as not coming within the rule in *Shelley's case.*

APPEAL by plaintiff from *Pless, J.*, at February Term, 1935, of ROCKINGHAM.

Civil action for specific performance, heard upon an agreed statement of facts.

Plaintiff, being under contract to convey a certain tract of land to defendant, duly executed and tendered deed therefore and demanded payment of the purchase price as agreed, which the defendant declined to accept and refused to make payment of the purchase price, claiming that the title offered was defective.

It was agreed if the plaintiff is the owner in fee of the land described in the complaint, and capable of conveying title thereto, free and clear of the claims of all persons, judgment should be entered decreeing specific performance.

The court, being of opinion that the plaintiff only held a defeasible fee to the land in question, gave judgment for the defendant, from which the plaintiff appeals, assigning error.

*D. F. Mayberry for plaintiff.*
*Hunter K. Penn for defendant.*

STACY, C. J. Plaintiff acquired title to the *locus in quo* under the will of her father. The testator first devised all of his property to his wife for her life and after her death "to my daughter, Essie May Hudson (the plaintiff), . . . to be hers and to her heirs, if any, and if no heirs to be equally divided with my other children."

The case states that the testator's widow, the life tenant, died 7 September, 1927; that the plaintiff was in the undisputed possession of the land described in the complaint at the time of the execution of the contract sought to be specifically enforced (17 October, 1934); that plaintiff was married in April, 1929, abandoned by her husband soon thereafter, since which time he has lived apart from her; that "on

account of said abandonment, the written consent of her husband, as above described, is not necessary to the validity of same" (deed), under C. S., 2530, and that at the time of the execution of the contract of sale plaintiff had no children.

We agree with the trial court that the deed tendered by plaintiff was not sufficient to convey an indefeasible fee to the land, described therein, free and clear of the claims of all persons, whether the ulterior limitation in plaintiff's father's will be regarded as a limitation over on failure of issue, C. S., 1737, or as coming under the principle announced in *Puckett v. Morgan,* 158 N. C., 344, 74 S. E., 15; *Walker v. Bulner,* 187 N. C., 535, 122 S. E., 301; *Brown v. Mitchell,* 207 N. C., 132, 176 S. E., 258; *Massengill v. Abell,* 192 N. C., 240, 134 S. E., 641; *Willis v. Trust Co.,* 183 N. C., 267, 111 S. E., 163. Hence, the title offered was properly rejected.

Affirmed.