CLELLAND SUTTON AND WIFE, PAULINE S. SUTTON, PRENTICE SUT-
TON AND WIFE, BRUCE S. SUTTON, NORMAN SUTTON AND WIFE, MARY
SUTTON, HERMAN SUTTON, JR., AND WIFE, CATHERINE SUTTON,
GLADYS S. SUTTON AND HUSBAND, SHERWOOD SUTTON, ANNIE S.
SUTTON AND HUSBAND, PARROTT SUTTON; CLELLAND SUTTON,
EXECUTOR OF THOMAS N. SUTTON, DECEASED; AND HELEN S. SUTTON
(WIDOW), AND EVELYN SUTTON v. LEROY SUTTON AND HERMAN
SUTTON AND WIFE, LOLA SUTTON.

(Filed 19 November, 1952.)

**1. Wills § 33c—**

Where there is a devise to testator's sons with proviso that should any
son die "without lawful heirs" his share should go to the surviving sons,
the words "without lawful heirs" will be construed "without lawful issue."

**2. Wills § 46: Partition § 8—**

Where each tenant in common owns a defeasible fee with limitation over
to his cotenants in the event of his death without issue, and such tenants
voluntarily partition the property by the exchange of deeds conveying all
their right, title, and interest in the lands allotted to the others, their
deeds defeat the limitation over and each holds the fee simple absolute in
his share. The distinction is pointed out where the deeds in voluntary
partition do not purport to convey all the right, title, and interest of the
grantors, and in partition proceedings where title is not put in issue and
the parties do not petition the court to allow each to hold in fee simple free
from any limitations over.

APPEAL by defendants from *Williams, J.,* August Term, 1952, of
LENOIR.

This is a controversy without action upon an agreed statement of facts.
Such of the facts as are essential to an understanding of the legal question
presented for determination are set out in the numbered paragraphs below:

1. Julius E. Sutton, late of Lenoir County, died in January, 1925,
leaving a last will and testament which was duly probated by the Clerk
of the Superior Court of Lenoir County 26 January, 1925. In Item 5
of this will, the devisor devised to his four sons, Thomas, LeRoy, Herman,
and Julian Sutton, 257.6 acres of land of which he died seized, to be
equally divided among them, with the proviso that, "Should either of the
above die without lawful heirs then his or their part of the real estate
shall go to the surviving, as named above, share and share alike."

2. In December, 1925, the above devisees agreed upon a division of the
tract of land devised to them under Item 5 of the aforesaid will; and on
30 December, 1925, deeds were executed to each one for his respective
share by each other brother and his wife (if any) and duly recorded.

3. The conveying clause in each of said deeds is as follows:

"That the said parties of the first part, in consideration of one dollar,
the receipt of which is hereby acknowledged, have bargained, sold, quit-

claimed and conveyed, and by these presents do bargain, sell, quitclaim and convey unto said party of the second part, his heirs and assigns, all the right, title, interest and estate of said parties of the first part in and to the following described tract or parcel of land situate in Moseley Hall Township, Lenoir County, State of North Carolina, described and bounded as follows: . . ."

And the *habendum* clause in each of said deeds, with the addition of the name of the grantee in each respective deed, is as follows:

"To have and to hold the aforesaid tract or parcel of land and all privileges and appurtenances thereto belonging, or in anywise appertaining, to him, the said . . ., party of the second part, his heirs and assigns, in fee simple."

4. That said Julian Sutton immediately following said division went into possession of the 66.35 acre tract of land allotted to him in said division and remained in possession thereof so long as he lived; that he died intestate on 31 December, 1943, leaving him surviving one daughter, Evelyn Sutton, as his sole heir at law, and his widow, Helen S. Sutton, mother of Evelyn.

5. That the said Thomas Sutton immediately following said division went into possession of the two parcels of land aggregating 62.45 acres allotted to him and remained in possession thereof so long as he lived. He was never married and died 22 October, 1951, leaving a last will and testament in which he devised the 62.45 acres of land allotted to him in the division of his father's estate, to Clelland Sutton, Prentice Sutton, Norman Sutton, Herman Sutton, Jr., Gladys S. Sutton, and Annie S. Sutton (the children of the defendants, Herman and Lola Sutton).

6. That the said LeRoy Sutton, who was allotted 64.4 acres of land and Herman Sutton, who was also allotted 64.4 acres of land in the division thereof, are both still living and are parties defendant herein; that the said LeRoy Sutton is now a widower and has no child or children; that the said Herman Sutton is married, he and his wife, Lola Sutton, being parties defendant herein, and they have six children.

The court below heard this matter at the request of all parties, upon the agreed statement of facts and the briefs submitted by the respective counsel, and held that the plaintiff, Evelyn Sutton, is the owner in fee, subject to the dower rights therein of her mother, Helen S. Sutton, of the 64.35 acre tract of land described in the deed dated 30 December, 1925, from Herman Sutton and others to Julian Sutton; and that the plaintiffs, Clelland Sutton, Prentice Sutton, Norman Sutton, Herman Sutton, Jr., Gladys S. Sutton, and Annie S. Sutton, are the owners in fee as tenants in common of the two tracts of land which together contain 62.45 acres, described in the deed dated 30 December, 1925, from Herman Sutton and

others to Thomas Sutton, and entered judgment accordingly. From the judgment entered, the defendants appeal and assign error.

*Sutton & Greene for plaintiffs, appellees.*
*Jones, Reed & Griffin for defendants, appellants.*

DENNY, J.    The words "without lawful heirs" as used by Julius E. Sutton in Item 5 in his last will and testament will be construed to mean "without lawful issue." *Massengill v. Abell,* 192 N.C. 240, 134 S.E. 641; *Hudson v. Hudson,* 208 N.C. 338, 180 S.E. 597; *Williamson v. Cox,* 218 N.C. 177, 10 S.E. 2d 662.

The determinative question on this appeal is whether the deeds executed by the devisees named in the last will and testament of Julius E. Sutton constituted a mere partition of the devised land, or were they sufficient to convey the contingent as well as the vested interest therein of the several grantors to the respective grantees.

Ordinarily, a voluntary partition of land between or among tenants in common, even when accompanied by deeds, has in law, only the effect of an assignment to each of the several tenants of his share or part of the common property. Such partition creates no new estate and conveys no title but merely severs the unity of possession and ascertains and fixes the physical boundaries of the several parts of the common property to be allotted and held in severalty by the respective tenants. *Wood v. Wilder,* 222 N.C. 622, 24 S.E. 2d 474; *Valentine v. Granite Corp.,* 193 N.C. 578, 137 S.E. 668; *Power Co. v. Taylor,* 191 N.C. 329, 131 S.E. 646; *Beacom v. Amos,* 161 N.C. 357, 77 S.E. 407; *Jones v. Myatt,* 153 N.C. 225, 69 S.E. 135; *Harrington v. Rawls,* 136 N.C. 65, 48 S.E. 571; *Carson v. Carson,* 122 N.C. 645, 30 S.E. 4; *Harrison v. Ray,* 108 N.C. 215, 12 S.E. 993, 11 L.R.A. 722; *Williams v. Lewis,* 100 N.C. 142, 5 S.E. 435, 6 Am. St. Rep. 574; 40 Am. Jur., Partition Section 126, page 106.

Likewise, a proceeding to partition land, unless the title has been put in issue, has the effect only of allotting to each tenant his share in severalty but does not create any title that the tenants did not formerly hold. *Weston v. Lumber Co.,* 162 N.C. 165, 77 S.E. 430; *Stallings v. Walker,* 176 N.C. 321, 97 S.E. 25; *Nobles v. Nobles,* 177 N.C. 243, 98 S.E. 715; *Bailey v. Mitchell,* 179 N.C. 99, 101 S.E. 511; *Baugham v. Trust Co.,* 181 N.C. 406, 107 S.E. 431; *Valentine v. Granite Corp., supra; Huffman v. Pearson,* 222 N.C. 193, 22 S.E. 2d 440.

On the other hand, where devisees who are tenants in common join in a partition proceeding and petition the court to allot to each of them their share of the lands devised, in severalty, in fee simple, free from the limitation over to them, respectively, in the event any of them should die without issue surviving, such petition will constitute a surrender and

release of the right of survivorship. *Baugham v. Trust Co,, supra.* *Cf.* *Wallace v. Phillips,* 195 N.C. 665, 143 S.E. 244.

It was also held in *Beacom v. Amos, supra,* that a similar condition could be eliminated by deed, in which case the partition was by deed. The lands in question were devised subject to contingent interests. The devisees agreed upon a division of the lands and by deed conveyed to each other certain parts of the devised property "so that they might hold the same in severalty, absolutely and in fee simple, free from any claims therein of the one party against the other, . . ." The Court said: "They have conveyed to each other all the interest and estate in the land they acquired under said will, both vested and contingent. . . . It is perfectly clear that the intention, as evidenced by the deeds, was that each should have and enjoy her several portion as the absolute and unconditional owner thereof in fee, so that the right of survivorship created by the limitation in the will should cease and determine and an indefeasible estate should vest instead thereof."

We hold that where deeds are exchanged in a voluntary partition of land, and such deeds do not purport to convey the land described therein, but merely to release and quitclaim the interest of the grantors in and to the described premises, that such deeds will not create new estates or change the character of the title held by the partitioners prior to the execution of the deeds. But, on the other hand, where partition deeds purport to bargain, sell, quitclaim, and convey all the right, title, interest, and estate of the grantors in the described premises, in fee simple, such deeds do more than merely set apart each to the other the respective parcels of land. *Beacom v. Amos, supra; Weil v. Davis,* 168 N.C. 298, 84 S.E. 395; *Williams v. Williams,* 175 N.C. 160, 95 S.E. 157.

In the case of *Bourne v. Farrar,* 180 N.C. 135, 104 S.E. 170, it was said: "The conveyance of 'All the grantor's right, title and interest in certain described property is a conveyance of all his estate in such property.' 13 Cyc. 655. In construing the word 'interest' in a statute, it was held to include a contingent remainder, *Young v. Young,* 89 Va. 675; 23 L.R.A. 642; and includes also every right, legal and equitable. . . . we have been unable to find any case holding that a conveyance of 'all my interest' does not include a contingent remainder."

And in the case of *Hobgood v. Hobgood,* 169 N.C. 485, 86 S.E. 189, *Hoke, J.,* in speaking for the Court, said: ". . . our decisions on the subject being to the effect that when the holders of a contingent estate are specified and known, they may assign and convey it, and, in the absence of fraud or imposition, when such a deed is made, it will conclude all who must claim under the grantors, even though the conveyance is without warranty or any valuable consideration moving between the parties." *Bodenhamer v. Welch,* 89 N.C. 78; *Kornegay v. Miller,* 137 N.C. 659,

50 S.E. 315, 107 Am. St. Rep. 505; *Grace v. Johnson,* 192 N.C. 734, 135 S.E. 849; *Croom v. Cornelius,* 219 N.C. 761, 14 S.E. 2d 799; *Buffaloe v. Blalock,* 232 N.C. 105, 59 S.E. 2d 625.

In light of our decisions, we hold that the entire estate, both vested and contingent, was conveyed by the grantors in the respective deeds involved in this appeal, and that the judgment entered below must be upheld.

Affirmed.