SUEANNE M. JERNIGAN (UNMARRIED) v. MAXINE CORE LEE AND HUSBAND, LEON LEE; WILLIAM CORE (UNMARRIED); LAURA P. ELMORE AND HUSBAND, P. W. ELMORE; ET ALS

No. 7011SC505

(Filed 21 October 1970)

1. Wills § 36— creation of determinable fee

A devise to a named person and his heirs in fee, with an added provision that if the named person "shall die without issue or heirs by him begotten" then the land shall pass in fee to another, *is held* to give the named person a determinable fee.

2. Wills § 43— construction of devise — "issue or heirs by him begotten"

The words "issue or heirs by him begotten" in a devise is construed to mean "children" rather than heirs generally.

3. Wills § 43— "heirs of her body living at her death"

The words "heirs of her body living at her death" is construed to mean "children."

Jernigan v. Lee

**4. Wills § 43— construction of "heirs" and "next of kin"**

In a devise to a named person "and his heirs, if any, otherwise to his next of kin, who may be living at his death," the word "heirs" is construed to mean "children" and the words "next of kin" are construed to mean heirs generally.

**5. Wills § 53— devise of tenancy in common**

A devise to a named person and his children creates a potential tenancy in common.

**6. Wills § 53— devise to tenants in common — division of land**

Where no basis for a division of the land is stated in the will, as between tenants in common it is presumed that the parties will share equally.

**7. Wills §§ 43, 73; Estoppel § 1— construction of will — devise to "heirs" and "next of kin" — estoppel by deed**

Plaintiff seeks the construction of a will which devised a contingent interest in a tract of land to her father and his "heirs, if any, otherwise to his next of kin, who may be living at his death." Plaintiff, who was born in 1927, is the only child and heir of her father. In 1939 the father conveyed his one-half contingent interest in the tract of land to another person. The property vested in 1968. *Held*: The plaintiff is entitled to a one-half undivided interest in the tract in question, but she is estopped to deny the validity of her father's conveyance in 1939.

**8. Wills § 33— Rule in Shelley's Case**

The Rule in Shelley's Case is inapplicable when the word "heirs" is not used in its technical sense.

**9. Wills § 33— Rule in Wild's Case**

The Rule in Wild's Case is inapplicable when the named devisee and his heirs do not take an estate directly from the testator.

APPEAL by plaintiff from *Copeland, J.,* at the April 1970 Civil Session, JOHNSTON Superior Court.

In her complaint filed 12 June 1969 plaintiff alleged that this is an action for declaratory judgment relief instituted pursuant to the provisions of the Declaratory Judgment Act as set forth in G.S. 1-253 *et seq.* for the purpose of construing Item 2 and Item 4 of the Last Will and Testament of Leacy Jernigan Stewart, deceased, (Leacy) dated 11 March 1920 and of determining a question in actual controversy between the parties as to their respective rights in a tract of land described in the complaint. Plaintiff alleged that she was the rightful owner of the land. In their answers defendants admitted, or did not deny, the principal facts alleged by plaintiff but denied that plaintiff had any interest in the land. Defendants also alleged

certain facts which they contend vested them with title to the property.

On 24 March 1970 defendants filed motion for summary judgment under Rule 56(b) and (c) of the Rules of Civil Procedure. The cause came on for hearing on the motion and following hearing the court made findings of fact from the pleadings which are summarized as follows:

Leacy died testate, a resident of Johnston County, on or about 22 June 1921. At the time of her death she was fee simple owner of the tract of land in question and in her Last Will and Testament devised the land. Pertinent parts of her Will, Items 2 and 4, are as follows:

"Item 2. I give and devise to my son, O. D. Stewart, and his heirs in fee all that tract of land in Johnston County, North Carolina, and in Banner Township, and described and defined as follows, to wit: . . . . .

"Item 4. I further add to paragraph 2 in this Will as follows: that if O. D. Stewart shall die without issue or heirs by him begotten, then said tract of land shall pass in fee to Meta Stewart, and if she should die without any heir of her body living at her death, then said tract of land shall pass to Berry Jernigan and his heirs, if any, otherwise to his next of kin, who may be living at his death."

O. D. Stewart (O.D.) died in 1946 without ever having married or without ever having begotten any children. Meta Stewart Barefoot (Meta) died intestate in 1968 leaving no husband surviving and without ever having any children. Berry Jernigan (Berry), the father of plaintiff, died in 1944, predeceasing both O.D. and Meta. Plaintiff was born in 1927 and is the only child and heir of Berry.

In 1933 Johnston County instituted tax foreclosure proceedings for taxes due on the subject property; Berry was made a party to the proceedings but plaintiff was not. O.D. purchased such interest as was conveyed in the proceedings and a commissioner's quitclaim deed dated December 1938 was executed to him. In December 1939 Berry executed a warranty deed to O.D. conveying his interest in the subject property.

The relative rights of Meta and the heirs at law of O.D were adjudicated in a special proceeding filed in the office of

the Clerk of Superior Court of Johnston County wherein it was determined that Meta had a life estate in the lands with a remainder in the heirs at law of O.D. Neither Berry nor plaintiff was a party to the proceeding. Defendants in this action are, or represent, the heirs at law of O.D.

Upon the foregoing findings of fact, the court adjudged that defendants were entitled to summary judgment from which plaintiff appealed.

*Britt and Ashley by Wallace Ashley, Jr., for plaintiff appellant.*

*Levinson and Shaw by Joseph H. Levinson for defendants appellees.*

BRITT, Judge.

We hold that the court erred in granting defendants' motion for summary judgment.

[1-4] It is conceded by defendants that Item 2 and Item 4 of Leacy's Will must be read together contextually. Considering the two items together, the effect is to give O.D. a determinable fee rather than a fee simple. *Perrett v. Bird,* 152 N.C. 220, 67 S.E. 507 (1910). The event which would cause, and in fact did cause, O.D.'s estate to determine was his death without "issue or heirs by him begotten." Reading this phrase we conclude that Leacy meant "children" rather than heirs generally. *Puckett v. Morgan,* 158 N.C. 344, 74 S.E. 15 (1912) ; *Lockman v. Hobbs,* 98 N.C. 541, 4 S.E. 627 (1887). The same conclusion is reached with regard to the estate of Meta. Reading Item 4 as a whole it appears that the phrase "heirs of her body living at her death" meant "children." *Hampton v. Griggs,* 184 N.C. 13, 113 S.E. 501 (1922). Upon the death of Meta without children her estate was determined. The ultimate devise was to "Berry Jernigan and his heirs, if any, otherwise to his next of kin, who may be living at his death." Reading the word "heirs" and the words "next of kin" in the same sentence it is apparent that "heirs" should be read to mean "children" and "next of kin" should be read as heirs generally. *Hudson v. Hudson,* 208 N.C. 338, 180 S.E. 597 (1935) ; *Puckett v. Morgan, supra;* G.S. 41-6; *Smith v. Brisson,* 90 N.C. 284 (1884).

[5-7] When the phrase "Berry Jernigan and his heirs" is read "Berry Jernigan and his children" it is clear that a potential

tenancy in common was created by the will of Leacy. It is not necessary here to determine when the tenancy in common arose, because the plaintiff, having been born in 1927, was in existence during all of the time that is relevant to the calling of the roll. Upon the termination of Meta's estate, if Berry had been alive and had had a child and had made no conveyance of his interest, Berry and that child would have been tenants in common in the land devised. Since no basis for a division of the land was stated in the will, as between tenants in common it is presumed that the parties will share equally. *Loring v. Palmer,* 118 U.S. 321, 6 S. Ct. 1073, 30 L. Ed. 211 (1885). Upon the facts set forth in the pleadings, we think plaintiff now owns one-half of the land in her own right under the will. *Whitesides v. Cooper,* 115 N.C. 570, 20 S.E. 295 (1893). The one-half that her father contingently owned at the time of his conveyance in 1939 would have passed to plaintiff by descent (see G.S. 41-2) if the conveyance had not been made; however, as to her father's half plaintiff is estopped to deny the validity of his deed. *Hardy v. Mayo,* 224 N.C. 558, 31 S.E. 2d 748 (1944) ; 3 Strong, N. C. Index 2d, Estoppel, sec. 1, p. 578. Upon the facts pleaded, we think plaintiff is entitled to a one-half undivided interest in the land in question.

[8, 9] It might be noted that neither the Rule in Shelley's Case nor the Rule in Wild's Case applies to alter the effect of the phrase "Berry Jernigan and his heirs." The former does not apply because it is clear that "heirs" is not used in its technical sense, and this usage is necessary for the application of the rule. *Welch v. Gibson,* 193 N.C. 684, 138 S.E. 25 (1927) ; *Nichols v. Gladden,* 117 N.C. 497, 23 S.E. 459 (1895) ; 4A Thompson on Real Property, Future Interests, sec. 2010, p. 576. The Rule in Wild's Case does not apply because "Berry Jernigan and his heirs" did not take an estate directly and immediately from Leacy. *Cole v. Thornton,* 180 N.C. 90, 104 S.E. 74 (1920), 4A Thompson on Real Property, Future Interests, sec. 2008, p. 564.

For the reasons stated the judgment of the Superior Court is

Reversed.

Judges CAMPBELL and VAUGHN concur.