ANNIE HENSLEY ET AL. v. MRS. KATE BLANKINSHIP.

(Filed 12 December, 1917.)

**Deeds and Conveyances—Delivery—Husband and Wife—Acknowledgment—Death of Wife.**

A deed to lands is only complete upon delivery, and a married woman's deed to her lands requires the written consent of her husband under the form provided for by the statute (Revisal, sec. 952), requiring that such conveyance be signed by both the husband and wife; and a deed made and signed in due form by the wife, and thereafter the husband writes in his name as a grantor, and, after her death, acknowledges its execution before the clerk, is invalid to pass title.

APPEAL by defendant from *Ferguson, J.,* at August Term, 1917, of YANCEY.

This is an action to recover land and to remove a cloud from title.

The plaintiffs are the heirs of Mrs. E. J. Angell, who formerly owned the land.

She was the first wife of D. A. Angell, who, upon her death, married the *feme* defendant, who, upon his death, married the male defendant, and is now Mrs. Blankinship.

The defendant, Mrs. Blankinship, claims under a deed from D. A. Angell, and the whole controversy depends on the validity of a deed purporting to be executed by Mrs. E. J. Angell to one W. W. Burton, who afterwards executed a deed purporting to convey the land to D. A. Angell.

If the deed to Burton is invalid, the plaintiffs are owners of the land as the heirs of E. J. Angell; and if valid, the defendant is the owner as the grantee of D. A. Angell.

Six days before the death of Mrs. E. J. Angell, she signed and delivered a paper-writing sufficient in form to convey said land. Said paper was acknowledged by the said E. J. Angell, and her private examination taken thereto, but at the time of its delivery the said D. A. Angell had not signed the paper, nor acknowledged the execution thereof.

The said paper-writing was written by the said D. A. Angell, and thereafter, whether before or after the death of his wife is in dispute, he signed the paper, and inserted his name as a grantor in the probate, and after the death of his wife he acknowledged the execution thereof before the clerk.

There was a verdict and judgment for the plaintiffs, and the defendants appealed.

*Spainhour & Mull, for plaintiffs.*
*Hudgins, Watson & Watson and J. Bis. Ray for defendant.*

ALLEN, J. There are several exceptions in the record, but there are two principles that are decisive of the appeal upon the facts that are not in dispute.

The first is that a deed must be complete when delivered (*Butler v. Butler,* 169 N. C., 589); and the second, that the deed of a married woman purporting to convey her land is not valid unless signed and *acknowledged* by her husband. *Graves v. Johnson,* 172 N. C., 177.

The statute and the authorities applicable to the last question are reviewed in the case cited, and it is needless to extend the discussion further, except to say that the decision proceeds upon the idea that while the Constitution says a married woman may convey her land with the written assent of her husband, as if unmarried, it is still within the power of the General Assembly to prescribe the form which will furnish evidence of such assent, and that the statute (Revisal, sec. 952) requires that the deed shall be signed by the husband and acknowledged by both husband and wife.

It follows, therefore, as the paper-writing signed by the wife was neither signed nor acknowledged by the husband at the time of its delivery, it did not operate as a conveyance, and that his Honor might have instructed the jury to answer the issues in favor of the plaintiffs in any aspect of the evidence.

No error.