STATE ON RELATION OF LEE WATKINS AND R. T. HEATON v. A. M. SIMONDS AND NATIONAL SURETY COMPANY.

(Filed 15 June, 1932.)

1. **Register of Deeds B b—Register of deeds is required to properly register and index all instruments properly filed for registration.**

    It is the duty of the register of deeds to register all instruments required or authorized to be registered and to keep full and complete alphabetical indexes of the names of the parties thereto, and no instrument is deemed registered until indexed as the statute requires, N. C. Code of 1931, secs. 3553, 3561, and the register of deeds and his bondsman are liable for loss sustained by reason of his negligent failure to perform his duties in this respect.

2. **Register of Deeds B e—Register of deeds is liable for loss caused by failure to properly index mortgage filed for registration.**

    Where a mortgage on the wife's lands is indexed by the register of deeds only in the name of the husband, the mortgage is not properly indexed and is not superior to a subsequent deed to the lands executed by the husband and wife, and where the mortgagee suffers loss by reason of such improper registration he may recover therefor in an action against the register of deeds and the surety on his bond.

**3. Mortgages B a—Instrument in this case held to constitute mortgage.**

Where the wife signs an instrument given to secure endorsers on her husband's note, and the instrument recites that she signed it for the purpose of incumbering her equity of redemption, and the endorsers are therein given the power of selling the property if they should sustain "any loss or damage on account of signing the note," and the instrument is properly acknowledged by the wife and her private examination taken: *Held*, construing the instrument liberally with a view to effectuating the intent of the parties, it is a mortgage on the wife's equity of redemption in the property.

**4. Indemnity B a: Payment C a—Held: endorsers paid note by executing their individual note and could recover on maker's indemnity contract.**

Where the endorsers on a note discounted at a bank are given a collateral agreement to indemnify them against loss by reason of their endorsements, and the collateral agreement is secured by a mortgage on lands, and the endorsers have taken up the note with money borrowed from the bank exclusively on their own note and have received the original note from the bank: *Held*, the endorsers have suffered loss on account of their endorsements and may proceed to enforce the collateral indemnity agreement and the mortgage securing it.

**5. Mortgages A c—Where mortgage is given to secure endorsers on note discounted by bank acknowledgment taken by bank official is valid.**

Where a husband and wife execute a mortgage on the equity in her lands in order to secure endorsers on his note against loss and the note is discounted at a bank: *Held*, the contract to secure the endorsers against loss is a collateral agreement between the makers and endorsers to which the bank is not a party, and the wife's acknowledgment to the mortgage taken by an official of the bank is valid. N. C. Code of 1931, sec. 3301(a).

APPEAL by defendants from *Harding, J.,* at September-October Term, 1931, of CLAY. No error.

Plaintiffs brought suit on the official bond of the defendant Simonds, the register of deeds of Cherokee County, for his negligent failure to cross-index a paper-writing as a part of its registration.

L. L. Heaton borrowed from the Bank of Murphy the sum of $1,000 and to secure its payment executed his note for this amount on which the plaintiffs were endorsers. To indemnify the endorsers L. L. Heaton and Maud K. Heaton, his wife, executed a paper-writing, the material parts of which are as follows: "L. L. Heaton has assigned, transferred and made over to Lee Watkins and R. T. Heaton, and hereby assigns, transfers and makes over to them and their administrators and assigns, to secure and hold them harmless by reason of having signed said note, the following . . . also, the equity of $1,450 paid in cash of the town property in Murphy known as the Ricks house and lot, the legal

title to which is in Maud K. Heaton, wife of said L. L. Heaton, and who signed this instrument for the purpose of encumbering said equity, to the extent of same. In the event said Lee Watkins and R. T. Heaton, or either of them, sustains any loss or damage on account of signing the note above mentioned, or any renewal or renewals of the same, then and in that event they may sell the above mentioned property at the court-house door in Murphy to the highest bidder at public outcry for cash."

The acknowledgment of this instrument with the privy examination of Mrs. Heaton, was taken before L. E. Bayless, a notary public, who was the cashier of the Bank of Murphy and a stockholder in the corporation.

The paper-writing was registered by the defendant Simonds who entered the name of L. L. Heaton on the index as the maker or grantor and the plaintiffs, Watkins and Heaton, as grantees, the date of registration being 23 April, 1924. On 26 September, 1924, L. L. Heaton and Maud K. Heaton, his wife, conveyed to Mattie A. Taylor for value all their interest in Maud K. Heaton's equity in the Ricks house and lot described in the paper-writing above set out. The deed to Mattie A. Taylor was registered 2 October, 1924. Sometime after its registration the defendant Simonds entered upon the index after the name of L. L. Heaton the two words "and Maud."

The plaintiffs allege that they paid the note of L. L. Heaton to the Bank of Murphy and are unable to subject Maud K. Heaton's equity to the payment of their claim against L. L. Heaton for the reason that Mattie A. Taylor acquired title before the name of Maud K. Heaton was entered on the index. The suit is prosecuted to recover damages for the register's negligent failure properly to register and cross-index the paper-writing above referred to. Upon the issues submitted there was a verdict for the plaintiffs and the defendants excepted and appealed.

*D. H. Tillett and Hill & Gray for plaintiffs.*

*Moody & Moody, D. Witherspoon and W. C. Wakefield for A. M. Simonds.*

*J. E. Swain for National Surety Company.*

ADAMS, J. It is the duty of the register of deeds to register all written instruments the registration of which is required or authorized, and to keep in his office full and complete alphabetical indexes of the names of the parties. No instrument is deemed to be registered until it is indexed as the statute provides. N. C. Code 1931, secs. 3553, 3561; *Fowle v. Ham*, 176 N. C., 12; *Heaton v. Heaton*, 196 N. C., 475; *Story*

*v. Slade,* 199 N. C., 596. If the register makes negligent default in the performance of this duty and pecuniary injury to the claimant is caused thereby the register and his official bond are liable for the resultant loss. *Daniel v. Grizzard,* 117 N. C., 106; *Manufacturing Co. v. Hester,* 177 N. C., 609. We have held that as to Maud K. Heaton the instrument signed by her and her husband was not properly registered and indexed and that Mattie A. Taylor was the owner of the real property therein described. *Heaton v. Heaton, supra.* So the immediate question is whether the plaintiffs have suffered pecuniary loss by reason of the register's negligent failure to index the name of one of the parties.

The defendants say that no loss has resulted to the plaintiffs because the instrument just referred to neither conveyed an interest nor created a lien upon the real property of Mrs. Heaton.

The writing purports to assign and transfer to the plaintiffs, as indemnity against loss by their endorsement of the note, certain personal property which is not in controversy and "the equity of $1,450 paid in cash for the town property in Murphy known as the Ricks house and lot, the legal title to which is in Maud K. Heaton, wife of said L. L. Heaton, and who signed this instrument for the purpose of encumbering said equity to the extent of the same." The plaintiffs are authorized to sell this property if either of them sustains any loss or damage "on account of signing the note."

What did the parties mean by "encumbering the equity"?

Mrs. Heaton executed the paper under seal, and the only mention of her name in the body of the writing is in the clause stating the purpose for which she affixed her signature—that is, to "encumber" her equity in the Ricks house and lot in order to indemnify the plaintiffs.

In a legal sense to encumber or incumber land is to make it subject to a charge, lien, or liability—to burden it with financial obligations, as debts or mortgages. An encumbrance is any right or interest in land which may subsist in a third person to the diminution of the value of the property. *Butterfield v. Butler,* 150 Pac. (Okla.), 1078; *Johnson v. Bridge,* 213 Pac. (Cal.), 512; *Hartford Fire Ins. Co. v. Jones,* 250 Pac. (Ariz.), 248, 251; *First Unitarian Society v. Citizens Savings & Trust Co.,* 142 N. W. (Iowa), 87; Black's Law Dictionary, 614; 20 C. J., 1250.

In searching for the intention of the parties to a written instrument this Court has adopted a liberal rule of construction to which technicalities and formal divisions must frequently give way. *Triplett v. Williams,* 149 N. C., 394; *Berry v. Cedar Works,* 184 N. C., 187. Tested by this rule the contract under consideration is not difficult of solution. The parties obviously intended, though their intention is inartificially

expressed, to create a lien or mortgage on Mrs. Heaton's equity in "the town property in Murphy"—the property here in litigation. Indeed, the contract in its relation to the clause in question has been referred to by this Court as a mortgage on her land (*Heaton v. Heaton, supra*); and this construction is fortified by the principle set forth in *Ely v. Norman,* 175 N. C., 294.

It is argued that the plaintiffs have not paid the note and have therefore incurred no loss. This position cannot be sustained. The plaintiffs testified that they borrowed money with which to pay the note they had endorsed; that they paid it in full, took it up, and executed their own note for the amount borrowed. The bank delivered to them the note of L. L. Heaton when it was paid. Moreover, they paid interest on the note, and by the terms of the contract their liability extended to "any renewal or renewals."

The execution of the contract was acknowledged before L. E. Bayless, a notary public, who was an officer and stockholder in the bank, and for this reason the defendants say the probate is defective and the registration void. They cite *Cowan v. Dale,* 189 N. C., 684 and *Bank v. Tolbert,* 192 N. C., 126.

The mortgage was not made to the bank; it was a part of the contract between the principal and the endorsers; the bank was not a party. We cannot, under these circumstances, particularly in view of section 3301(a), N. C. Code, 1931, hold the acknowledgment of the contract to be invalid.

No error.