GEORGE D. WOODLEY v. MARTIN GREGORY and H. C. STRICKLAND.

(Filed 11 October, 1933.)

**Mortgages C c—Indexing of mortgage on lands owned by life tenant and remainderman in name of life tenant only held insufficient.**

The provisions of our statute as to the indexing and cross-indexing of deeds or mortgages is mandatory and requires that such instruments shall be indexed and cross-indexed in the names of all the parties thereto under the proper letter of the alphabet, and the indexing and cross-indexing of a deed of trust given by a life tenant and the remainderman owning the land, in the name of the life tenant only followed by the words "*et als*," is not a sufficient compliance with the statute, and where the life tenant and remainderman have subsequently executed another deed of trust on the same lands which is registered, indexed and cross-indexed in compliance with the statute, the purchaser under foreclosure of the second deed of trust acquires title free from the lien of the improperly indexed prior deed of trust. N. C. Code, 1931, sec. 3561. The case of *Ins. Co. v. Forbes*, 203 N. C., 252, in which the lien was indexed under "S. T. *et ux.*" cited and distinguished.

STACY, C. J., dissenting.

BROGDEN, J., concurs in dissent.

APPEAL by plaintiff from *Grady, J.,* at Chambers, 4 March, 1933. From HARNETT. Reversed.

The findings of fact and judgment in the court below are as follows:

"In this cause a restraining order was issued, prohibiting the defendant, H. C. Strickland, trustee, from foreclosing a certain deed of trust, referred to in the complaint; and the cause came on for hearing, by consent of all the parties, as above stated, and motion was made by the plaintiff for a continuation of said restraining order until the final hearing, and motion by the defendants for a dissolution of said order. The facts are found to be as follows, as they appear of record, and by consent and admissions of the parties, made at the hearing.

The lands in controversy, 33 acres, were conveyed by W. N. Harper and wife to Lugenia Adams, for life, and then in remainder to Della Adams Gregory, her daughter, in fee simple, by deed dated 2 January, 1930, and recorded in Book 235, at page 145. Said deed is madé a part of this finding of fact.

Said deed is indexed in the following manner:

### DIRECT INDEX

| Grantor | Grantee | Book | Page |
|---|---|---|---|
| Harper, W. N. and wife, Sadie | Adams, Lugenia, et al. | 235 | 145 . |

### REVERSE INDEX

| Grantee | Grantor | Book | Page |
|---|---|---|---|
| Adams, Lugenia, et al. | Harper, W. N. and wife, Sadie | 235 | 145 |

Said deed was not indexed or cross-indexed under the name of Della A. Gregory, or in the name of her husband, H. L. Gregory.

On 9 January, 1931, Lugenia Adams, life tenant, together with her daughter, Della Adams Gregory, remainderman, and H. L. Gregory, husband of Della, executed a deed of trust to H. C. Strickland, trustee on the lands in controversy, for the purpose of securing a note in the sum of $400.00, payable to Martin Gregory, due on 1 January, 1932. Said deed of trust is regular in form, contains the names of all grantors and grantees; and was duly filed and recorded on 15 January, 1931, at 9:00 a.m.; the index and cross-index of said deed of trust are as follows:

### DIRECT INDEX

| Grantor | Grantee | Book | Page |
|---|---|---|---|
| Adams, Lugenia, widow, et als. | Strickland, H. C., Trustee | 239 | 274 |

### REVERSE INDEX

| Grantee | Grantor | Book | Page |
|---|---|---|---|
| Strickland, H. C., Trustee | Adams, Lugenia, widow, et als. | 239 | 274 |

Said deed of trust was not indexed or cross-indexed under the family name Gregory, or of Della Adams Gregory, or her husband.

The plaintiff seeks to enjoin the threatened foreclosure of said deed of trust upon the ground that it is improperly indexed and cross-indexed, and is not sufficient notice to him, he holding, as he alleges, a title to said lands under proper deeds, properly indexed and recorded.

The plaintiff's claim to the lands in question arises as follows:

On 25 March, 1931, Lugenia Adams, life tenant, and Della Adams Gregory, remainderman, with her husband, H. L. Gregory, executed to one A. T. Avery a deed of trust on said 33-acre tract of land, for the purpose of securing certain indebtedness therein referred to. Said deed of trust is in proper form, and was duly filed and recorded at 8:00 a.m. on 26 March, 1931. The cross-index of said deed of trust is as follows:

### DIRECT INDEX

| Grantor | Grantee | Book | Page |
|---|---|---|---|
| Adams, Lugenia, et al. | A. T. Avery, Trustee. | 241 | 56 |
| Gregory, Henry and wife | A. T. Avery, Trustee. | 241 | 56 |

### REVERSE INDEX

| Grantee | Grantor | Book | Page |
|---|---|---|---|
| A. T. Avery, Trustee. | Gregory, Henry & wife, et als. | 241 | 56 |

The above deed of trust from Gregory and wife, and Adams, to Avery, trustee, is properly indexed and cross-indexed in the name of all the parties thereto under their respective family names.

Said deed of trust was foreclosed by said A. T. Avery, trustee, by the usual notice of sale, and the 33-acre tract of land was purchased by the plaintiff, and a deed executed and delivered to him by said trustee, which deed is recorded in Book 243, at page 404, of Harnett County registry, the same having been recorded on 25 January, 1933.

The deeds referred to in these findings of fact are all in proper form and show the names of all grantors and grantees.

The plaintiff admits that he knew of the life estate of Mrs. Lugenia Adams, as it appeared of record. The deed to Mrs. Adams and her daughter, Della Adams Gregory from W. N. Harper and wife, constitutes a link in the plaintiff's chain of title, and he is bound to know its contents. By the most casual reading of said deed he could have ascertained that Mrs. Lugenia Adams owned a life estate in said land. He purchased under a deed of trust executed by Lugenia Adams. He should have inquired at once 'What has become of the interest of Lugenia Adams?' Even the index itself showed that there were others named in said deed as grantees, for the index is to 'Lugenia Adams et al.'

The deed of trust to Strickland, trustee, while indexed under the name of Lugenia Adams, also carries the words in addition thereto of 'Widow et al.,' both in the direct and reverse indexes.

The plaintiff alleges that he examined the record carefully, and he also alleges that Mrs. Adams has a life estate in the land which passed under the deed of trust to Strickland, trustee. He was bound to know from the record which he examined that there were other parties interested in the land. He only had to read the deed in his own chain of title to see who they were. Furthermore, knowing that Mrs. Adams owned a life estate in the land, he should have seen from her deed to Strickland, trustee that there were others who had executed it with her.

The court is of the opinion that under the rule of the court in the case of *West v. Jackson,* 198 N. C., 693, the plaintiff was fixed with such notice as an inspection of the records would have disclosed, and that having failed to examine them, he cannot now be heard to complain, or to show that he did not know what said records contained.

This action was brought solely for injunctive relief, and, as the court is of the opinion that the plaintiff cannot recover, it is now ordered and adjudged that the injunction be dissolved, and the action is dismissed and nonsuited at the costs of the plaintiff."

*George D. Woodley and Clifford & Williams for plaintiff.*
*Dupree & Strickland for defendants.*

CLARKSON, J. Does a prior deed of trust indexed and cross-indexed on the direct and reverse indexes of land conveyances in the full name of one of the grantors therein, with the abbreviations as to the other grantors *"et al.,"* constitute sufficient notice to a purchaser at a sale under a subsequent deed of trust properly indexed and cross-indexed as to all the grantors? We think not, but would be to the grantor properly indexed.

On account of the importance of the controversy, we quote the statute, N. C. Code, 1931 (Michie), section 3561, in full: "The register of deeds shall provide and keep in his office full and complete alphabetic indexes of the names of the parties to all liens, grants, deeds, mortgages, bonds and other instruments of writing required or authorized to be registered; such indexes to be kept in well bound books, and shall state in full the names of all parties, whether grantors, grantees, vendors, vendees, obligors or obligees, and shall be indexed and cross-indexed, within twenty-four hours after registering any instrument, so as to show the name of each party under the appropriate letter of the alphabet; and wherever the 'Family' index·system shall be in use, to also show the name of each party under the appropriate family name and the initials of said party under the appropriate alphabetical arrangement of said index; and all instruments shall be indexed according to the particular system in use in the respective office in which the instrument

is filed for record. Reference shall be made, opposite each name to the page, title or number of the book in which is registered any instrument; provided, that where the 'Family' system hereinbefore referred to has not been installed, but there has been installed an indexing system having subdivisions of the several letters of the alphabet, a registered instrument shall be deemed to be properly indexed only when the same shall have been indexed under the correct subdivision of the appropriate letter of the alphabet. *Provided further,* that no instrument shall be deemed to be properly registered until the same has been properly indexed as herein provided. *Provided further,* that in all counties where a separate system is kept for chattel mortgages or other instruments concerning personal property, no instrument affecting the title to real estate shall be deemed to be properly registered until the same has been properly registered and indexed in the books and index system kept for real estate conveyances; *Provided further,* that it shall be the duty of the register of deeds of each county, in which there is a separate index for conveyances of personal property and for those of real estate, to double index every such conveyance, provided that such conveyance shall contain both species of property. A violation of this section shall constitute a misdemeanor." See chapter 327, Public Laws, 1929, where former sections C. S., 3560 and 3561 are amended.

In *Heaton v. Heaton,* 196 N. C., 475, it is held: The proper indexing of a mortgage upon lands is an essential part of its registration, and where the husband and wife make a mortgage on her lands which is only indexed by the register of deeds in the name of the husband, it is not good as against a subsequent purchaser for value by deed from the husband and wife that had been properly indexed and registered. C. S., 3561. *Pruitt v. Parker,* 201 N. C., 697; *Watkins v. Simonds,* 202 N. C., 746.

It will be noted that the statute is mandatory *"Provided further,* that no instrument shall be deemed to be properly registered until the same has been properly indexed as herein provided."  It is also provided that the register of deeds shall in indexing "state in full the names of all parties, whether grantors, grantees, vendors, vendees, obligors or obligees, and shall be indexed and cross-indexed," etc.

In *West v. Jackson,* 198 N. C., 693, where the husband and wife mortgaged their lands held by the entireties and the mortgage is indexed and cross-indexed under "J. H. and wife," the name of the wife not appearing on the index although it appeared on the mortgage deed, this Court held was a sufficient registration.

In *Insurance Co. v. Forbes,* 203 N. C., 252, 254, the plaintiff contended "That the deed of trust under which it purchased the land, being the second deed of trust upon the land, constitutes a first lien, for that

the Forbes deed of trust was not properly cross-indexed; that is to say the cross-indexing 'Tucker, S. D. et ux. to F. J. Forbes, trustee,' was not a proper indexing of the instrument." In that case, the Court said: "The merit of the controversy is determined by the principles of law declared in *West v. Jackson,* 198 N. C., 693, 153 S. E., 257. The Court said: 'It must be conceded that the indexing and cross-indexing of the deed of trust in the case at bar is not a strict compliance with the statute, and the registers of deeds throughout the State should doubtless set out on the index and cross-index the name of the wife. There are perhaps hundreds of deeds of trust in the State indexed and cross-indexed in the same manner employed in the present case, and we are not inclined to strike down these instruments as a matter of law, particularly when there was sufficient information upon the index and cross-index to create the duty of making inquiry.' "

From the clear and mandatory language of the statute, we do not think the principle laid down in the *West* and *Insurance Co. cases, supra,* should be extended further as in this case to the index that only showed *et als."* The learned and careful judge in the court below relied on the *West case, supra,* which does not go as far as the case at bar, but we construe and not make the law. We are bound by the statute as written. For the reasons given, the judgment of the court below is

Reversed.

STACY, C. J., dissenting: It is now established law in this jurisdiction that the proper indexing and cross-indexing of instruments required to be registered is an essential part of their registration. *Story v. Slade,* 199 N. C., 596, 155 S. E., 256; *Bank v. Harrington,* 193 N. C., 625, 137 S. E., 712; *Dewey v. Sugg,* 109 N. C., 328. (Judgment.)

It is likewise held for law with us "that an index will hold a subsequent purchaser to notice thereof if enough is disclosed by the index to put a careful or prudent examiner upon inquiry, and if, upon such inquiry, the instrument would have been found." *Ely v. Norman,* 175 N. C., 294, 95 S. E., 543; *West v. Jackson,* 198 N. C., 693, 153 S. E., 257; *Wynn v. Grant,* 166 N. C., 39, 81 S. E., 949.

In the instant case, it seems the spirit of the law, if not the letter, has been sufficiently met to put a careful or prudent examiner upon inquiry, and such inquiry would have disclosed the remainder interest of Della Adams Gregory in the *locus in quo.*

The whole purpose of the registration law is to give notice. Hence, a substantial compliance with the provisions of the statute, which actually or constructively does give notice, though defective in some minor particular, ought not to be held entirely for naught, for the interest of the lienholder is at least equal to that of the examiner. The

failure to dot an "i," or to cross a "t," is not forsooth the same thing as to omit to use the letter altogether. And even bad spelling is not always fatal. Nor should the indexing and cross-indexing of a register of deeds be completely blotted out simply because another might have done it better. In this respect the standard of perfection is too high for practicality.

BROGDEN, J., concurs in dissent.