## JOINER v. FIREMEN'S INS. CO. OF NEWARK, N. J., et al.

### Nos. 59, 60.

### District Court, M. D. North Carolina.

### Feb. 3, 1934.

Clifford Frazier, of Greensboro, N. C., John T. Brittain, of Asheboro, N. C., and Leland Stanford, of High Point, N. C., for plaintiff.

Julius C. Smith (of Smith, Wharton & Hudgins), of Greensboro, N. C., for defendants.

HAYES, District Judge.

The defendants deny liability under fire insurance policies on the dwelling because the insured was not the sole and unconditional owner in fee, for that an interest in the property was purportedly conveyed to him by a married woman without the joinder of her husband in the body of the deed. Questions as to validity of deeds are determined by the laws of the state where the land lies. Haas v. Rendleman (C. C. A. 4th) 62 F. (2d) 701.

The Constitution of North Carolina, art. 10, § 6, provides that the wife may convey her realty "with the written assent of her husband * * * as if she were unmarried." C. S. N. C. § 2506, makes her property sole and separate with power to devise and bequeath, and, with the written assent of her husband, conveyed by her as if she were unmarried. C. S. N. C. § 2507, known as Martin Act of 1911, gives her the capacity to contract as if she were unmarried. And she is now liable as if she were unmarried on her contracts to convey land, though the contract to convey is without the written assent of her husband. Everett v. Ballard, 174 N. C. 16, 93 S. E. 335.

C. S. N. C. § 997, requires every conveyance affecting the title to real estate of a married woman to be executed by her and her husband, "and due proof or acknowledgment thereof must be made as to the husband and due acknowledgment thereof must be made by the wife, and her private exam-

ination, touching her voluntary assent to such instrument, shall be. taken separate and apart from her husband. * * * Any conveyance * * * or contract to convey executed by any married woman in the manner by this chapter provided, and executed by her husband also, shall be valid," etc. .

■ It is necessary that a wife's deed be signed by the husband and acknowledged by both husband and wife. Hensley v. Blankinship, 174 N. C. 759, 94 S. E. 519. It was said in Stallings v. Walker, 176 N. C. 321, 324, 97 S. E. 25, his assent must be in writing, but it need not be by deed, as he has nothing to convey, his joining with her is sufficient, but the point was not presented and the language is dictum. The decisions of this state clearly indicate that it is necessary for the husband to sign and acknowledge his wife's deed before delivery before it is valid. Hensley v. Blankinship, supra; Ferguson v. Kinsland, 93 N. C. 337; Jackson v. Beard, 162 N. C. 109, 78 S. E. 6; Warren v. Dail, 170 N. C. 406, 87 S. E. 126; and Graves v. Johnson, 172 N. C. 178, 90 S. E. 113. In Gray v. Mathis, 52 N. C. 503, it was held that a deed by a married woman to her separate estate which was signed by the husband under the wife's name, but his name not appearing in the body of the deed, was void, but this decision antedated the Constitution of 1868 giving the wife the right to convey her real estate with the written assent of her husband, and at a time when married women labored under many legal handicaps, most of which have been abrogated by statute, Stallings v. Walker, supra, and the Mathis Case is not decisive of the facts here involved.

■ Since the husband has no estate in his wife's land and merely holds a "veto" over her conveyances, is her deed which he signs under her name and under seal, which he, as a grantor, acknowledges the due execution of, a sufficient written assent to meet the requirements of the Constitution and of the North Carolina statute? I think so. The purpose of requiring the written assent is to afford the wife the counsel and protection of her husband, and not to convey any estate in the realty. When he signs it under her signature and then acknowledges the execution of the deed as one of the grantors, but one inference can arise, and that is that he was giving his required written assent to her conveyance.

In Yates v. Insurance Company, 173 N. C. 473, 477, 92 S. E. 356, the names of the grantors did not appear in the body of the deed, but they signed it, and acknowledged it before an officer. The court held that it was a valid deed of conveyance. Berry v. Cedar Works, 184 N. C. 187, 192, 113 S. E. 772, 775, approves the following principle: "We concede all that is contended for as to the common-law rule of construction, and that it has been followed in this state. But this doctrine, which regarded the granting clause and the habendum and tenendum as separate and independent portions of the same instrument, each with its especial function, is becoming obsolete in this country, and a more liberal and enlightened rule of construction obtains, which looks at the whole instrument without reference to formal divisions, in order to ascertain the intention of the parties, and does not permit antiquated technicalities to override the plainly expressed intention of the grantor, and does not regard as very material the part of the deed in which such intention is manifested." Watkins v. Simonds, 202 N. C. 746, 164 S. E. 363, cites this case with approval.

The old common-law policy of strict construction is criticized in an instructive case from Georgia (Sterling v. Park, 129 Ga. 309, 58 S. E. 828, 829, 13 L. R. A. [N. S.] 298, 121 Am. St. Rep. 224, 12 Ann. Cas. 201), and it is said: "When a deed is signed, the utility of naming the grantor in the premises or any part of the body of the instrument appears in a great measure superseded; for 'know,' says Perkins, section 36, 'that the name of the grantor is not put in the deed to any other intent but to make certainty by the grantor.' * * * This certainty is attained whenever the person signs, seals, acknowledges, and delivers an instrument as his deed, though no mention whatever be made of him in the body of it, because he can perform these acts for no other possible purpose than to make the deed his own."

Since the deed of the husband conveys no title to his wife's land, but evidences his written assent to her conveyance, upon reason and authority, subscribing his name under seal to her deed, and acknowledging his execution thereof as required by law, is a sufficient written assent to make her deed valid.

If there is some doubt as to the correctness of this view, the deed is subject to reformation upon proof that the name of the husband was omitted by mutual mistake.

Be that as it may, the deed is undoubtedly sufficient to make the plaintiff an equitable owner in fee of the land. Under the Martin Act, supra, and decisions construing it,

her contracts, without the written assent of her husband, are valid, and she is liable in damages for a breach, and, in this case, specific performance could be decreed against her and her husband, as his signature to her deed is undoubtedly sufficient to bind him, so that plaintiff is the equitable owner, to say the least.

In Jordan v. Insurance Company, 151 N. C. 341, 66 S. E. 206, the court said: "A vendee of land under an executory contract of purchase, who has paid a portion of the purchase price and entered into possession is an 'unconditional and sole owner' in fee simple in respect to the usual clause in a policy of fire insurance relating to the title; and such does not avoid the policy on the house under a provision therein that the policy shall be void if the interest of the insured is other than unconditional and sole ownership of the fee simple title, in the absence of allegation of misrepresentation as to title and encumbrances. * * * The idea is that equitable ownership is, properly speaking, entire and sole ownership in fee, as regards the real purpose of the provision commonly used in insurance contracts on that subject." The policies are in language of the North Carolina Code (C. S. N. C. § 6436), and this court is bound by the decisions of North Carolina construing its statutes. Niagara Fire Insurance Co. of New York v. Raleigh Hardware Co. (C. C. A. 4th) 62 F.(2d) 705.

The insurance policies are not voidable on the ground that the insured was not the sole and unconditional owner, within the meaning of that clause.

The master finds that the insured, in making proof of loss, willfully made false oath to the proof of loss in respect of the separate policies on the household and kitchen furniture, in that he filed a proof of loss showing the destruction of a piano valued at $850 and a radio valued at $350, when neither of them was destroyed, and that he placed a value of $650 on a living room suite when it cost him only $150 new. The evidence amply supports the findings. The law is so recently and so clearly stated by Judge Parker in Globe & Rutgers Fire Insurance Company v. Stallard (C. C. A. 4th) 68 F. (2d) 237, decided January 4, 1934, that it is unnecessary to cite any further authorities. The provision is valid, and its violation avoids the policy.

The plaintiff, therefore, is not entitled to recover on the policy covering the personal property.