STATE OF NORTH CAROLINA ex rel. BANK OF SPRUCE PINE v. J. H. McKINNEY and UNITED STATES FIDELITY AND GUARANTY COMPANY.

(Filed 18 March, 1936.)

1. **Register of Deeds B b—Failure of register of deeds to properly register instruments is breach of bond for which person injured may sue.**

   The register of deeds of a county is required by statute to register written instruments properly presented to him for registration, and to properly index and cross-index such instruments as an essential part of their registration, C. S., 3553, and the failure of the register of deeds to register such instruments or his failure to properly index and cross-index them is a breach of his statutory bond, C. S., 3545, for which he and the surety on his bond are liable to the person injured by such breach, C. S., 3555.

2. **Limitation of Actions B a—Action against register's bond for failure to register instrument accrues at time of failure and not its discovery.**

   This action to recover against the statutory bond of defendant register of deeds was brought under the provisions of C. S., 354, to recover damages sustained by reason of the failure of the register of deeds to properly index and cross-index relator's mortgage, resulting in loss of priority of

the instrument to subsequently registered mortgages and subsequently docketed judgments. Relator's evidence tended to show that the failure of the clerk to index and cross-index its mortgage was not discovered until about two years before institution of the action, but it appeared that the clerk was required by the statute to index and cross-index the instrument more than six years before the institution of the action. *Held:* The cause of action accrued at the time of the neglect of the register of deeds to index and cross-index the instrument as required by the statute, and the action should have been dismissed by judgment as of nonsuit upon defendants' plea of the six-year statute of limitations, C. S., 439.

STACY, C. J., and DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Harding, J.,* at March-April Term, 1935, of MITCHELL. Reversed.

This is an action to recover damages resulting from the breach of an official bond filed by the defendant J. H. McKinney, register of deeds of Mitchell County, with the board of commissioners of said county, on 22 December, 1924. The action was begun on 25 October, 1933.

The defendants in their answer deny the breach of the bond as alleged in the complaint, and among other defenses set up in their answer, pleaded in bar of plaintiff's recovery in this action certain statutes of limitation.

The evidence offered at the trial by the plaintiff showed the following facts:

At the general election held in Mitchell County, on .... November, 1934, the defendant J. H. McKinney was duly elected register of deeds of said county for a term of two years, beginning on the first Monday in December, 1924, and ending on the first Monday in December, 1926. After the said election, the defendant filed with the board of commissioners of Mitchell County a bond in the sum of $5,000, payable to the State of North Carolina, and in form as required by statute. This bond was duly executed by the defendant United States Fidelity and Guaranty Company as surety, and was duly approved and accepted by the board of commissioners of Mitchell County. After he had filed said bond, and had otherwise qualified as register of deeds of Mitchell County, for a term of two years as aforesaid, the defendant J. H. McKinney entered upon the performance of the duties of his office. The defendant has been from time to time reëlected as register of deeds of Mitchell County for successive terms of two years each, and is now and has been at all times since 15 January, 1925, the duly elected and duly qualified register of deeds of Mitchell County.

On 15 January, 1925, the relator Bank of Spruce Pine filed with the defendant, for registration, a mortgage deed by which the mortgagors named therein, to wit: C. F. Arrowood and his wife and D. P. Hyatt

and his wife, conveyed to the Bank of Spruce Pine certain real estate described therein and located in Mitchell County, to secure the payment of their bond in the sum of $4,500, payable to the Bank of Spruce Pine. The said bond was dated 6 January, 1925, and was due four months after its date. Prior to the time the said mortgage deed was filed with the defendant for registration its execution by the mortgagors had been duly probated by the clerk of the Superior Court of Mitchell County. The said mortgage deed was recorded by the defendant on 15 January, 1925, at page 266, in Book No. 47, in his office. The defendant, however, failed and neglected to index and cross-index the registration of the said mortgage deed, as required by statute, during his term of office, which expired on the first Monday in December, 1926. During a subsequent term of office as register of deeds of Mitchell County, to which he had been elected, to wit: On 25 June, 1931, at the request of the relator Bank of Spruce Pine, the defendant properly indexed and cross-indexed the registration of said mortgage deed. A short time before 25 June, 1931, the relator discovered, for the first time, that its mortgage deed was not properly indexed and cross-indexed, and immediately requested the defendant to index and cross-index the same in accordance with statutory requirements.

During the period of time which elapsed from 15 January, 1925, to 25 June, 1931, certain mortgage deeds executed by C. F. Arrowood and his wife and D. P. Hyatt and his wife were duly registered in the office of the register of deeds of Mitchell County, and certain judgments recovered against the said D. F. Arrowood and his wife and against D. P. Hyatt and his wife were docketed in the office of the clerk of the Superior Court of Mitchell County. As the result of the failure and neglect of the defendant J. H. McKinney, register of deeds, to index and cross-index its mortgage deed, on 15 January, 1925, or thereafter during his term of office, which expired on the first Monday in December, 1926, the relator did not acquire priority over the mortgages subsequently executed by C. F. Arrowood and his wife and D. P. Hyatt and his wife, and subsequently registered in the office of the register of deeds of Mitchell County, and over the judgments subsequently recovered against the said C. F. Arrowood and wife and the said D. P. Hyatt and wife, and subsequently docketed in the office of the clerk of the Superior Court of said county, with respect to the real estate described in its mortgage deed from C. F. Arrowood and his wife and D. P. Hyatt and his wife. The said real estate was sold under foreclosure proceedings instituted subsequent to 25 June, 1931. The proceeds of the sale of said real estate have been applied to the satisfaction of the mortgage deeds executed by C. F. Arrowood and his wife and D. P. Hyatt and his wife, and of the judgments recovered against them, in the order of their priority. The

amount now due to the Bank of Spruce Pine, the relator in this action, on the note executed by C. F. Arrowood and his wife and D. P. Hyatt and his wife, and secured in the mortgage deed executed by them to the Bank of Spruce Pine, is $468.37, with interest from 14 January, 1933.

At the close of the evidence for the plaintiff, the defendants moved for judgment as of nonsuit. The motion was denied, and the defendants duly excepted.

No evidence was offered by the defendants.

The issues submitted to the jury were answered as follows:

"1. Is the plaintiff's cause of action barred by the statute of limitations, as alleged in the answer? Answer: 'No.'

"2. Did the defendant J. H. McKinney, register of deeds of Mitchell County, fail to properly index and cross-index the mortgage deed referred to in the complaint, as alleged in the complaint? Answer: 'Yes.'

"3. What damages, if any, is the plaintiff entitled to recover of the defendant J. H. McKinney, and the surety on his bond, United States Fidelity and Guaranty Company? Answer: '$400.00.' "

From judgment that plaintiff recover of the defendants J. H. McKinney and the United States Fidelity and Guaranty Company, and each of them, the sum of $400.00, with interest on same from 30 October, 1933, and the costs of the action, the defendants appealed to the Supreme Court, assigning errors in the trial.

*McBee & McBee and Burke & Burke for plaintiff.*
*Huskins & Wilson for defendants.*

CONNOR, J. This action was instituted under the provisions of C. S., 354, wherein it is provided, among other things, that every person injured by the neglect of the register of deeds of any county in this State to perform an official duty may institute an action in the name of the State against such register of deeds, and the surety or sureties on his official bond. Every person who has been duly elected register of deeds of any county in this State, before he is inducted into his office, is required by statute to give bond with sufficient surety, to be approved by the board of commissioners of the county, in a sum not exceeding ten thousand dollars, payable to the State of North Carolina, and conditioned for the safe keeping of the books and records, and for the faithful discharge of the duties of his office. He is required to renew his bond annually on the first Monday in December. C. S., 3545.

It is provided by statute that "the register of deeds shall register all instruments in writing delivered to him for registration forthwith. He shall endorse on each instrument in writing the day and hour on which it is presented to him for registration, and such endorsement shall be

entered on his books and form a part of the registration, and he shall, immediately upon making the endorsement herein required upon each instrument in writing, index and cross-index the same in the order of time in which such instruments are presented to him: *Provided,* that the register of deeds may, if in his opinion it is proper to do so, prepare and use in lieu of his permanent index a temporary index until the instrument is actually recorded, upon which all instruments shall be indexed immediately upon receipt of same in his office, and until said instruments shall have been recorded, the temporary index shall operate in all respects as the permanent index. In the event the register of deeds shall use a temporary index, however, all instruments shall be recorded and cross-indexed on the permanent index within thirty (30) days from date of receipt of same." C. S., 3553.

The neglect of a register of deeds to register a deed or other instrument presented to him for registration, as required by statute, is a breach of his official bond, and for such breach he and the surety or sureties on his official bonds are liable to any person injured by such breach. C. S., 3555.

The indexing and cross-indexing of deeds or other instruments in writing filed with a register of deeds for registration, as required by statute, is essential to their proper registration (*Woodley v. Gregory,* 205 N. C., 280, 171 S. E., 65), and the failure of a register of deeds to index and cross-index such deed or instrument is a breach of his official bond, for which he is liable on his official bond to the person injured by such breach. (*Watkins v. Simonds,* 202 N. C., 746, 164 S. E., 363.)

The evidence at the trial of the action showed that the defendant J. H. McKinney, register of deeds of Mitchell County, breached his official bond by his neglect to index and cross-index, as required by statute, the mortgage deed which was delivered to the said defendant for registration by the relator Bank of Spruce Pine on 15 January, 1925. The relator is entitled to recover in this action such damages as resulted from said breach, unless, as contended by the defendants, the action is barred by the statute of limitations.

It is provided by statute in this State that an action to recover on the official bond of a public officer must be begun within six years from the date at which the cause of action accrued. C. S., 439. Otherwise, the action is barred, and the plaintiff cannot recover.

This action was begun on 25 October, 1933.

The cause of action on which the plaintiffs seek to recover in this action accrued at the date of the neglect of the defendant J. H. McKinney, register of deeds of Mitchell County, to index and cross-index the mortgage deed delivered to him by the Bank of Spruce Pine for registration, as required by statute, which was 15 January, 1925. The action

was not begun within six years from the date on which the cause of action accrued. For that reason, the action is barred and the plaintiffs cannot recover. See *Daniel v. Grizzard,* 117 N. C., 106, 23 S. E., 93.

There was error in the refusal of the trial court to allow defendants' motion for judgment as of nonsuit. See *Washington v. Trust Co.,* 205 N. C., 382, 171 S. E., 438.

The judgment is reversed, and the action remanded to the Superior Court of Mitchell County that judgment may there be entered in accordance with this opinion.

Reversed.

STACY, C. J., and DEVIN, J., took no part in the consideration or decision of this case.