Roy B. McKNIGHT, Jr., Trustee in Bankruptcy of the Charlotte Valve and Pump Company, Inc., Bankrupt, Appellant,

v.

M. & J. FINANCE CORPORATION, and J. F. Wyatt and Franklin Lindon, Trading as S. & J. Motor Company, Appellees.

No. 7443.

United States Court of Appeals
Fourth Circuit.

Argued June 13, 1957.

Decided Aug. 1, 1957.

Ernest S. Delaney, Jr., Charlotte, N. C. (Bell, Bradley and Gebhardt & De-Laney, Charlotte, N. C., on brief), for appellant.

No oral argument or brief for appellees.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

SOBELOFF, Circuit Judge.

A trustee in bankruptcy here seeks to avoid as a preference the transfer of an automobile by a bankrupt corporation to one of its creditors.

The state court appointed a receiver for the Charlotte Valve and Pump Company on October 23, 1954. This was followed by an involuntary petition in bankruptcy on November 2, an adjudication on November 19, and the election of Roy B. McKnight, Jr., as trustee on December 31, 1954.

On the preceding July 28, the bankrupt had purchased a Ford automobile from one of the defendants, the S. & J. Motor Company, and the automobile was duly titled in its name. To secure a balance of $2520.00 on the purchase price, a chattel mortgage to the Motor Company was prepared. The mortgagor, however, was not shown as the Valve Company, but as James E. Medlin. He was in fact the president of the company, but he was not so described anywhere in the instrument, and the Company's name nowhere appeared therein. The chattel mortgage was later assigned by the Motor Company to the other defendant, M. & J. Finance Company.

Three days after the appointment of the receiver by the state court, Mr. Medlin and a Mr. Owens, an employee of the Valve Company, went to the office of the Finance Company, advised it that the Valve Company was in receivership, and sought to arrange for the automobile to be taken over by Owens. On the same day the Finance Company obtained possession of the automobile and later resold it to the defendant Motor Company, for the balance then due on the mortgage, which the bankrupt had not substantially reduced since the original transaction in July. The value of the automobile when the Motor Company obtained possession of it was $2200.00, almost enough to cover the indebtedness. The claims of the other creditors amounted to $49,-000.00, but there was only about $9300.-00 available for payment of their claims.

The trustee instituted an action against both the Finance Company and the Motor Company for $2200.00, on the theory that the transfer of this property by the bankrupt to the Finance Company, was a preference voidable by the trustee. It was his position that the chattel mortgage executed by Mr. Medlin individually, and not by the automobile's owner, the Valve Company, created no valid lien which the trustee was bound to respect.

At the trial in the District Court, the above facts were not in dispute. The trustee's demand for a peremptory charge to the jury in his favor, the equivalent of a motion for a directed verdict under Rule 50, Fed.Rules Civ. Proc. 28 U.S.C.A., was denied. Instead, the Judge directed a verdict in favor of one defendant, the Finance Company, and as to the other, the Motor Company, submitted to the jury the issue as to whether or not a preference had been obtained by that defendant. The jury found for the defendant Motor Company on this issue. When the judge later denied motions of the trustee for judgments n. o. v., the trustee appealed.

Section 60, sub. a(1) of the Bankruptcy Act defines a preference as "a transfer * * * of any of the property of a debtor to * * * a creditor for * * * an antecedent debt, * * * while insolvent and within four months

before the filing by or against him of the petition [in bankruptcy], the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class." 11 U.S.C.A. § 96, sub. a(1).

■ It seems to us decisive that, on the face of the mortgage instrument in question, the Valve Company executed no chattel mortgage on the automobile, and that the Motor Company (later the Finance Company as its assignee), was a general creditor only. The delivery of the bankrupt's automobile to the creditor on October 26, a few days before the petition in bankruptcy was, under the circumstances, a preference within the condemnation of the Statute. However, even if the chattel mortgage executed by Medlin be deemed the act of the bankrupt, we must likewise reach the conclusion that there was a voidable preference.

In respect to personal property, the bankruptcy law provides that a transfer "shall be deemed to have been made or suffered at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee." It is further provided that "if any transfer of [personal] property is not so perfected against such liens by legal or equitable proceedings prior to the filing of a petition * * *, it shall be deemed to have been made immediately before the filing of the petition." 11 U.S.C.A. § 96, sub. a(2).

Amplification of these provisions is found in Subsection a(7) of Section 96, which in pertinent part is as follows:

"(7) Any provision in this subsection a to the contrary notwithstanding if the applicable law requires a transfer of property other than real property for or on account of a new and contemporaneous consideration to be perfected by recording, delivery, or otherwise, in order that no lien described in paragraph (2) of this subsection could

become superior to the rights of the transferee therein, * * * the time of transfer shall be determined by the following rules:

"I. Where (A) the applicable law specifies a stated period of time of not more than twenty-one days after the transfer within which recording, delivery, or some other act is required, and compliance therewith is had within such stated period of time; or where (B) the applicable law specifies no such stated period of time or where such stated period of time is more than twenty-one days, and compliance therewith is had within twenty-one days after the transfer, the transfer shall be deemed to be made or suffered at the time of the transfer.

"II. Where compliance with the law applicable to the transfer is not had in accordance with the provisions of subparagraph I of this paragraph, the transfer shall be deemed to be made or suffered at the time of compliance therewith, and if such compliance is not had prior to the filing of the petition initiating a proceeding under this title, such transfer shall be deemed to have been made or suffered immediately before the filing of such petition."

The legal effect of the foregoing provisions is that a transfer, even for a present consideration, if not perfected as required, is deemed to be for an antecedent debt; and if the petition in bankruptcy is filed within four months, it becomes a voidable transfer.

We must therefore consider whether under North Carolina law the chattel mortage executed and recorded in Medlin's name was a transfer of the bankrupt's property "sufficiently perfected" to withstand attack as a preference under the above sections of the Bankruptcy Act.

■ To begin with, we find that under North Carolina law an unrecorded chattel mortgage is given no effect against lien creditors. N.C.Gen.Stat. (1950) Sec.

47–20, as amended 1953, c. 1190, § 1;[1] and proper indexing is carefully provided for. One statute prescribes the indexing requirements for conveyances of both realty and personalty. N.C.Gen. Stat. (1952) Secs. 161–21 and 22.

Here we have no chattel mortgage recorded or indexed in the name of the bankrupt debtor, the Valve Company, which owned the automobile. The chattel mortgage, which was executed by Medlin, was recorded and indexed under his name only, and a search of the records by any person interested in the affairs of the bankrupt would not have disclosed the existence of a mortgage on its automobile.

We think it clear from the tenor of the North Carolina decisions that recording and indexing a mortgage executed by one not the owner of the property mentioned therein will not give constructive notice binding upon third parties dealing with the true owner. It is, at least as to third parties, as though no mortgage had been made. In its interpretation of the North Carolina recording statutes, the Supreme Court of that State has insisted on strict compliance.

Thus, the Court has held that a conveyance by J. Frank Crowell, indexed under the name of J. L. Crowell, was not notice that J. Frank Crowell had conveyed the property. Dorman v. Goodman, 213 N.C. 406, 196 S.E. 352. And a deed of trust indexed in the full name of one of several grantors, with the others indicated under the abbreviation "et als.," was not adequate notice to purchasers at a sale under a subsequent deed of trust properly indexed in the names of all the grantors. Woodley v. Gregory, 205 N.C. 280, 171 S.E. 65. Close in point, too, is a holding that recording a deed to "Mary Paramore, wife of W. B. Paramore" was no notice that W. B. Paramore was the owner. Smith v. Turnage-Winslow Co., 212 N.C. 310, 193 S.E. 685.

■ It is certain, therefore, that recordation under Medlin's name was not constructive notice under the North Carolina law, and did not perfect the transfer within the time required by Section 96, and the transfer therefore is deemed to have been made "immediately before the filing of the petition."

Moreover, treating the Medlin mortgage as an equitable lien cannot aid the appellees in this proceeding, for whatever may have been the earlier law, it is clear, since the amendments of 1938 and 1950, that by Section 96, sub. a(6) "The recognition of equitable liens where available means of perfecting legal liens have not been employed * * * is declared to be contrary to the policy of this section." Cases decided under the preexisting law must therefore be viewed with circumspection. The allowance of equitable liens, to the extent that this was permitted before the amendments, is not pertinent here.

On the uncontested facts and the applicable law, therefore, it appears that all the elements of a transfer voidable as a preference are here present. Whether we look only to the event of October 26, the repossession of the automobile, or turn to the defectively executed and recorded instrument, the result is the same. In either view, the transfer was on account of what the law regards as an antecedent debt; it was made while the debtor was, to the knowledge of the transferee, insolvent; it was made within four months before the petition was filed; and its effect was to give one creditor a greater percentage of its debt than other creditors of the same class.

The District Court should have directed a verdict for the trustee against both defendants, for under Section 60, sub. b of the Bankruptcy Act, 11 U.S.

---

1. "No deed of trust or mortgage of real or personal property, or conditional sales contract of personal property in which the title is retained by the vendor, shall be valid to pass any property as against lien creditors or purchasers for a valuable consideration from the grantor, mortgagor or conditional sales vendee, but from the time of registration thereof as provided in this article."

C.A. § 96, sub. b "the trustee may recover the property, or, if it has been converted, its value from any person who has received or converted such property."

Reversed and remanded.